The **KROGER COMPANY**, Plaintiff-Appellee,

v.

Harold **DORNBOS** and Beverly Dornbos, Individually and d/b/a **H. J. Dornbos and Bro.**, and **Rooks Transfer Lines, Inc.**, Defendants-Appellants.

Nos. 18805, 18806.

United States Court of Appeals
Sixth Circuit.

March 25, 1969.

John J. Hooker, Nashville, Tenn., for appellants Harold Dornbos, and others; Hooker, Keeble, Dodson & Harris, Nashville, Tenn., of counsel.

Richard D. Taylor, Nashville, Tenn., for appellant Rooks Transfer Lines; Richard D. Taylor, Glasgow, Adams & Taylor, Nashville, Tenn., on brief.

William J. Harbison, Nashville, Tenn., for appellee; Andrew Johnson, W. P. O'Neil, Ben W. Williamson, Jr., Knoxville, Tenn., on brief.

Before PHILLIPS and CELEBREZZE, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PHILLIPS, Circuit Judge.

These two interlocutory appeals[1] involve the application of the Tennessee long-arm statute, T.C.A. § 20–235.[2] Kro-

1. The appeals were granted by this Court pursuant to 28 U.S.C. § 1292(b).

2. T.C.A. § 20–235 (1968 Supp.), Tenn. Pub.Acts of 1965, ch. 67, § 1:

Jurisdiction of persons unavailable to personal service in state—Classes of actions to which applicable.—Persons who are non-residents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

(a) The transaction of any business within the state;

(b) Any tortious act or omission within this state;

(c) The ownership or possession of any interest in property located within this state;

(d), Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk locat-

ger purchased smoked fish from Dornbos, a Michigan partnership, under a written purchase order. Dornbos executed a written guaranty that the goods ordered and shipped were not misbranded or adulterated within the meaning of the Federal Food, Drug and Cosmetic Act. The purchase order required Dornbos to deliver the fish to Kroger's warehouse in Tennessee in a proper manner by a means of transportation selected by the seller. The fish were refrigerated when received by Kroger in Tennessee from the third motor carrier handling them and were sold to consumers through Kroger stores in Tennessee and adjoining States. Unknown to Kroger, the fish were poisoned. A number of customers died from food poisoning and others suffered severe illness.

Several suits were filed against Kroger and it was charged with violation of the Pure Food and Drug laws of Tennessee and of the United States. Kroger gave notice to Dornbos and to the three motor carriers to accept liability and save Kroger harmless. Dornbos and the three motor carriers denied liability and declined to defend the suits. Kroger then proceeded to settle all claims and filed this action for indemnity and damages in the sum of $4,650,000.[3]

Service upon appellants Dornbos and Rooks Transfer Lines, Inc. was obtained under the long-arm statute.

Appellants filed motions to dismiss the actions and to quash the returns of the summonses on the ground that appellants are not subject to the personal jurisdiction of Tennessee Courts under the long-arm statute. The District Court overruled the motions and held that appellants are subject to being sued in Tennessee under the act. Reference is made to the opinion of District Judge Frank Gray, Jr., for a more detailed summary of the pleadings, Kroger Co. v. Adkins Transfer Co., Inc., 284 F.Supp. 371 (M.D. Tenn.).

Appellant Dornbos asserts that all its actions and all the actions for which it could be held responsible took place exclusively in the State of Michigan. Rooks Transfer Lines contends that it does not have a certificate of convenience and necessity permitting it to operate into the State of Tennessee and that all its activities were outside Tennessee. It is not controverted under the pleadings that Rooks transported the fish from Grand Haven, Michigan, to Chicago, Illinois, and then placed the shipment in the hands of Adkins Transfer Company, which hauled it from Chicago to Nashville, Tennessee.

Kroger alleges that Dornbos negligently processed, inspected, and shipped the fish in that certain inherently deleterious and potentially toxic substances were not rendered harmless and that as a result of this negligence certain customers of Kroger suffered injury in Teneseee. The District Court ruled that these averments constituted allegations of a "tortious act or omission within" Tennessee, subjecting Dornbos to jurisdiction under T.C.A. § 20–235(b) and service of process under T.C.A. § 20–236. Kroger further alleges that Rooks and the other two carriers caused and permitted the fish to be transported and stored without refrigeration with consequent injury to persons in Tennessee. The District Court held these averments to be a sufficient basis for jurisdiction under the statute. The

---

ed within this state at the time of contracting;

(e) Entering into a contract for services to be rendered or for materials to be furnished in this state.

"Person" as used herein shall include corporations and all other entities which would be subject to service or process if present in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative.

T.C.A. § 20–236 provides for service of process on the Secretary of State and forwarding by registered mail.

3. The factual statements are based upon the averments of the complaint and amended complaint, which are treated as true for the purpose of this appeal.

Court thus construed T.C.A. § 20–235(b) to mean that a tortious act "must be regarded as having occurred in Tennessee where the consequent injury is sustained in Tennessee."

Appellants assert that the Tennessee Legislature would have used broader language if it had intended that T.C.A. § 20–235(b) reach acts committed wholly outside the State which cause injury in the State.

■ There are no reported decisions from the State courts of Tennessee construing this statute and it is the obligation of this Court to exercise its best judgment as to the interpretation which the Supreme Court of Tennessee would place upon this legislation. Aside from the instant case, the District Courts in Tennessee have split as to the construction to be given to T.C.A. § 20–235(b). In Tate v. Renault, Inc., 278 F.Supp. 457 (E.D.Tenn.), aff'd 402 F.2d 795 (6th Cir.), it was held that the statute reaches tortious acts committed outside the State which result in injury within the State. In Fayette v. Volkswagen of America, Inc., 273 F.Supp. 323 (W.D. Tenn.), it was held that the statute did not confer jurisdiction over a defendant for negligent manufacture outside the State which caused injury within the State.

■ In Southern Machine Co., Inc. v. Mohasco Industries, Inc., 401 F.2d 374, 377, this Court held, with respect to nonresidents' business activities, that the Tennessee Legislature intended that the long-arm statute comprehend the full jurisdiction allowable under the Fourteenth Amendment as construed in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, and subsequent cases. We believe that it is clear from the face of the statute that the Legislature intended to give to Tennessee citizens the benefit of the full jurisdiction allowable consistent with the due process clause. This construction is strengthened by the express language of T.C.A. § 20–240, which provides in rele-

vant part: "This law is in the nature of remedial legislation and it is the legislative intent that it be given a liberal construction." Moreover, this Court has recently affirmed the decision of the District Court in Tate v. Renault, Inc., *supra*, in a per curiam opinion reported at 402 F.2d 795.

■ We agree with the District Court that the jurisdictional facts of negligence alleged in the amended complaint render Dornbos and Rooks subject to process under T.C.A. § 20–235(b). (See n. 2, *supra*.)

■ We also agree with the District Court upon the basis of the authorities cited in its opinion that Rooks and Adkins, as initial and connecting carriers of the shipment of fish for delivery in Tennessee, stand in the relationship of principal and agent and that Rooks, by virtue of this agency relationship, has sufficient "minimum contacts" with Tennessee to subject it to in personam jurisdiction pursuant to the long-arm statute consistent with due process.

It was argued by Kroger that jurisdiction over Dornbos could also be based on T.C.A. § 20–235(e) and over Rooks on T.C.A. § 20–235(a) and (e). The issue on this appeal was limited to the determination of jurisdiction under T.C.A. § 20–235(b), and we therefore are precluded from deciding here the issue of the application of subsections (a) and (e). However, it is to be noted that the statute grants jurisdiction "as to any action or claim for relief arising from" the matters spelled out in the subsections (see n. 2, *supra*) and apparently does not limit the kind of actions which might be predicated on them. We see nothing in the statute to preclude an action for tort arising out of matters covered by subsections (a) or (e).

We disagree with Fayette v. Volkswagen of America, Inc., 273 F.Supp. 323 (W.D.Tenn.), to the extent that it is in conflict with this opinion.

Affirmed and remanded.