**H. D. WYNN**

v.

**Dorsey BUTTRAM.**

**Civ. A. No. 6662.**

United States District Court,
E. D. Tennessee, N. D.

Dec. 3, 1969.

W. P. Boone Dougherty, Bernstein & Dougherty, Knoxville, Tenn., for plaintiff.

John W. Wheeler, Hodges, Doughty & Carson, Knoxville, Tenn., Kent F. Frates, Sullivan, Frates & Maguire, Oklahoma City, Okl., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action filed by H. D. Wynn, a Tennessee resident, against the defendant, Dorsey Buttram, an Oklahoma resident, seeking $250,000.00 damages. Plaintiff charges that in direct reliance

upon misrepresentations made by the defendant, plaintiff was induced to purchase two hundred shares of Burjay, Inc. and as a proximate result of such misrepresentations plaintiff suffered damages. Service of process was under F.R.C.P. 4 and T.C.A. § 20–235 et seq.,[1] the Tennessee long-arm statute.

Defendant moved to dismiss the complaint because the service of process was invalid. The motion was overruled without prejudice to renew at pre-trial; the order reciting that a lawsuit in an Oklahoma Federal Court would, in all likelihood, settle the controversy. Defendant subsequently moved for a change of venue under 28 U.S.C. § 1404(a). The parties moved for this Court to reserve judgment on that motion until a decision was rendered in a case styled Burjay, Inc. and Buttram v. Wynn and Moore, in the United States District Court for the Western District of Oklahoma. Recently this Court was advised that the aforesaid action was dismissed because of jurisdictional requirements. Affidavits supporting and opposing the motion were so confusing that an evidentiary hearing on the process and venue was ordered.

At the hearing Buttram and Reid Moore, a Florida attorney, were the only witnesses. Buttram stated that Burjay was organized in December, 1962, under the laws of Colorado. Burjay's principal asset was leases and options in the Silver Plume mining property located in Colorado. The initial stock issue of four hundred shares was equally divided between Buttram who was to finance and head operations and Jay Longley, a Colorado resident, who owned the leases. Buttram held a preemptive right in Longley's shares. Burjay's operations were directed by Buttram from Oklahoma City. Burjay never carried on any business in Tennessee or owned any property in Tennessee.

Buttram met Wynn for the first time in Palm Beach, Florida, in February, 1968, when financing of Burjay was discussed. He again met Wynn in Palm Beach in February, 1968, when a financing arrangment was made. Wynn was to invest two million dollars in three stages if Burjay's prospects remained good. Wynn sent Moore, his lawyer, to Oklahoma City in March, 1968 to continue negotiations. Wynn personally was in Oklahoma City on April 29, 1968 when defendant released his preemptive rights in the Longley stock. On the same trip, Wynn purchased the Longley stock in Denver for some $20,000.00 cash and other consideration. Defendant never received any part of the money. In July, 1968, some two months after the sale of the stock, defendant came to Tennessee at plaintiff's insistence. There was a meeting of the corporation at this time. Buttram was also present in Tennessee for two other meetings concerning Burjay in July and September, 1968.

Mr. Moore stated the first meeting between plaintiff and defendant occurred

1. "20–235. *Jurisdiction of persons unavailable to personal service in state—Classes of actions to which applicable.—* Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
  "(a) The transaction of any business within the state;
  "(b) Any tortious act or omission within this state;
  "(c) The ownership or possession of any interest in property located within this state;

  "(d) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting;

  "(e) Entering into a contract for services to be rendered or for materials to be furnished in this state.

  " 'Person' as used herein shall include corporations and all other entities which would be subject to service or process if present in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative."

in January, 1968, in Palm Beach, Florida. Another meeting was held in Palm Beach in February, 1968, and a meeting was held in Oklahoma City on April 29, 1968. There were no meetings in Tennessee prior to May 1, 1968, the date of the purchase of the Longley stock. Moore testified that the defendant continued his misrepresentations at the Tennessee meetings.

■ From the foregoing, it is clear that any tortious conduct which induced the sale was in Palm Beach, Oklahoma City or possibly Denver. The question presented is whether such conduct outside the borders of Tennessee to a Tennessee resident creates such a relevant connection that a non-resident must be compelled to defend himself in the Tennessee courts.

■■ The Tennessee long-arm statutes extend to the limits of due process. Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (C.A.6, 1968); Kroger Company v. Dornbos, 408 F.2d 813 (C.A. 6, 1969). In *Kroger*, cases which have held that T.C.A. § 20–235(b) "reaches tortious acts committed outside the State which result in injury within the State" were approved. That was an indemnity case by a retailer against a non-resident wholesaler and a non-resident common carrier. The Court continued by saying, "We agree with the District Court that the jurisdictional facts of negligence alleged in the amended complaint render Dornbos and Rooks subject to process under T.C.A. § 20–235(b)." We construe this language to limit the prior quotation. Some consequences of the acts of a defendant may not satisfy the "minimum contacts" necessary for due process. Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). See Cassell v. Loyola University, 294 F.Supp. 622 (this Court, 1968).

■ The alleged activities have such slight contact with Tennessee that sustaining this service of process would deny the defendant due process. The defendant was a non-resident business-man seeking financial backing. All the negotiations preceding the sale occurred outside Tennessee. The corporation involved was not a Tennessee corporation, and its principal place of doing business was not in Tennessee. Its assets were real property outside Tennessee. The seller of the stock was a non-resident of Tennessee. The sale of the stock occurred outside Tennessee. Plaintiff's agent and attorney who conducted the negotiations was a non-resident.

In summation, the entire series of events with the exception of the plaintiff's domicile create no reason for the defendant to be subject to the jurisdiction of the Tennessee courts. The motion to dismiss for lack of jurisdiction is sustained.