**Helen D. LAWSON**

v.

**U–HAUL COMPANY et al.**

**Civ. A. No. 7268.**

United States District Court,
E. D. Tennessee, N. D.

Aug. 12, 1971.

son, III, as defendants. Americo, Inc. and Willie D. Lawson, III were later voluntarily dismissed. It is alleged in the complaint that Willie D. Lawson, III, operated a Ford U-Haul truck in a westerly direction on Interstate 40 in Knox County, Tennessee, when it became stalled and that the vehicle was left partially on the paved surface of the roadway by him. Plaintiff alighted from the truck and stood upon the paved area paralleling the highway from the northerly side and while in this position defendant Godsey, while operating a motor vehicle westwardly, struck her. It is claimed that U-Haul was negligent in leasing the unit to plaintiff with a defective engine in it which resulted in the motor failing. An amended complaint against Ford Motor Company alleged that Ford sold U-Haul a truck with a defective motor and this unreasonably dangerous defect caused the truck to stall.

By a second amendment to the complaint filed on May 25, 1971, Port City Ford Truck Sales, Inc., of Houston, Texas, was made a defendant. Plaintiff alleged in the second amendment that Port City Ford was negligent in repairing and installing the new motor in the truck, which negligence combined with other negligence caused the truck to stall on Interstate 40. Process was served on Port City Ford pursuant to the provisions of Section 20–235, T.C.A. This section provides in effect that non-residents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of Tennessee as to any action for relief arising from any of the matters set forth in the statute.[1]

Sidney Gilreath, Haynes, Gilreath & Cary, Knoxville, Tenn., for plaintiff.

McCampbell, Young, Bartlett & Woolf, Lewis Howard, Robert B. Ray, Jack Doughty, Hodges, Doughty & Carson, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

One phase of this case involves Section 20–235, T.C.A., commonly referred to as the long-arm statute of Tennessee.

Helen Lawson, plaintiff, filed her action against U-Haul Company, Amerco, Inc., John H. Godsey, and Willie D. Law-

---

1. "(a) The transaction of any business within the state;

"(b) Any tortious act or omission within this state;

"(c) The ownership or possession of any interest in property within this state;

"(d) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting;

"(e) Entering into a contract for services to be rendered or for materials to be furnished in this state.

"'Person' as used herein shall include corporations and all other entities which would be subject to service of process if present in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative."

Port City Ford filed a motion to dismiss with supporting affidavit of E. A. Cirilo, Secretary and Treasurer of Port City, upon numerous grounds, the main one of which is that Port City does not maintain minimal contacts in Tennessee necessary to make it amenable to service of process under T.C.A. 20–235.

It is recognized that the Tennessee long-arm statute extends to the limits of the due process clause of the Federal Constitution. One of the landmark cases dealing with the due process clause is that of International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. In that case, the Court stated:

" . . . Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. That clause does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations. . . . " p. 319, 66 S. Ct. p. 160.

It was observed in that case that:

" . . . due process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' "

We are not familiar with any case and none has been called to our attention measuring the necessary "minimum contacts." Each court appears to have given a meaning to the term in applying it to the particular facts of the case.

In the case of Cassell v. Loyola University, 294 F.Supp. 622 (E.D.Tenn. 1968), a coach offered an athletic scholarship to a Florida junior college student and sent the written contracts to the student to have them signed by his father in Tennessee, which was done, but Loyola University refused to grant the scholarship. These matters were handled over the telephone and by letters. The student brought action for breach of contract in this Court against Loyola University. We concluded that in personam jurisdiction did not exist. It was pointed out that any impact the transaction had over commerce in Tennessee was too remote to justify the exercise of jurisdiction. Also see Beal v. Caldwell, 322 F.Supp. 1151 (E.D.Tenn., 1970).

In the case of Wynn v. Buttram, 310 F.Supp. 125 (E.D.Tenn., 1969), plaintiff, a Tennessee resident, sought damages from defendant, an Oklahoma resident, alleging that defendant had made misrepresentations to induce him to purchase certain shares of stock resulting in damages to the Tennessee resident. Process was under the long-arm statute. We held that the activities of defendant were insufficient to sustain service of process under the due process test.

In Southern Machine Company v. Mohasco Industries, Inc., 401 F.2d 374 (C.A. 6, 1968), the Court held that where defendant entered into a licensing agreement for plaintiff to manufacture and sell tufting machine attachments and contemplated marketing of the machines in Tennessee, and where a machine so manufactured had been sold in Tennessee, the agreement had a direct impact on commerce of Tennessee and such was foreseeable at the time the agreement was executed, and that the defendant had purposefully availed himself of the privilege of transacting business in Tennessee so as to satisfy the requirements of in personam jurisdiction by Tennessee.

Plaintiff relies upon Kroger Co. v. Dornbos, 408 F.2d 813 (C.A.6, 1969) to sustain jurisdiction. In that case, Dornbos shipped or caused to be shipped adulterated fish to Kroger's warehouse in Tennessee. Dornbos executed a written guaranty that the goods ordered and shipped were not misbranded or adulterated. It was held that under this factual

situation there was a minimum contact with Tennessee which subjected the defendants to in personam jurisdiction under the long-arm statute of Tennessee.

Another case relied upon by plaintiff is that of Hanvy v. Crosman Arms Company, Tenn., 466 S.W.2d 214 (1971). In that case, a New York manufacturer negligently tested an air rifle before it was shipped from its facility into Tennessee in a loaded and dangerous condition. Three of the five justices of Tennessee held that the intentional shipment of the air rifle into Tennessee was sufficient to subject Crosman Arms Company to in personam jurisdiction under the long-arm statute. The two justices who vigorously dissented pointed out that the transaction out of which the case arose was an isolated transaction and was not sufficient to subject defendant to in personam jurisdiction under the due process clause.

In Darby v. Superior Supply Company, Tenn., 458 S.W.2d 423 (1970), the Tennessee long-arm statute was initially before the Court. Darby, a resident of Alabama, bought an order of lumber from Superior Supply Company, a Tennessee corporation in Chattanooga, Tennessee. The lumber was purchased for Darby's personal use and resulted in correspondence and telephone calls between the parties without Darby entering Tennessee. The lumber was delivered to Darby's agent in Tennessee and transported to Alabama. Darby did not pay for a portion of the lumber and suit was instituted with process served upon him by means of the Tennessee long-arm statute. The Court held that Darby's contacts with Tennessee were insufficient to subject him to in personam jurisdiction.

In our case, the work Port City Ford did in installing the engine in the truck was presumably done in Houston, Texas. This was an isolated transaction. There is nothing in the record to indicate that Port City knew that the truck in which it installed the engine was to be brought to Tennessee except for what the Court recognizes as reasonable knowledge that any motor vehicle and especially one owned by a leasing concern like U-Haul could foreseeably travel in any state of our country or even a foreign nation. It did not do business in Tennessee and so far as the record shows has never done business in Tennessee.

In the *Southern Machine Company* and *Kroger* cases, each defendant engaged in business in the State of Tennessee. In the *Hanvy* case, the manufacturer and seller of products intended for interstate use negligently tested an air rifle before it was shipped from its facility into Tennessee. The Tennessee activities of these defendants whether those acts resulted in tortious or contractual wrong are significantly different from Port City Ford's contacts with Tennessee.

If Port City Ford is subject to the jurisdiction of this Court, then every mechanic who may work on a car in another state which is brought into Tennessee is subject to the jurisdiction of the Tennessee courts. Conversely, every Tennessee resident who works on a motor vehicle in Tennessee which is driven into another state with a comparable long-arm statute is subject to the jurisdiction of the courts of every state in which the car is removed. We do not believe the Tennessee legislature intended to subject non-resident citizens to in personam jurisdiction in Tennessee courts for isolated business transactions comparable to the one involved in this case. Accordingly, the motion must be sustained.