**Helen D. LAWSON, Plaintiff-Appellant,**

v.

**U-HAUL COMPANY et al., Defendants-Appellees.**

No. 72-1090.

United States Court of Appeals, Sixth Circuit.

June 30, 1972.

Sidney W. Gilreath, Knoxville, Tenn., John H. Cary, Haynes, Gilreath & Cary, Knoxville, Tenn., on brief, for plaintiff-appellant.

L. Anderson Galyon III, Louis C. Woolf, Jack H. Doughty, Lewis S. Howard, Knoxville, Tenn., Hodges, Doughty & Carson, Knoxville, Tenn., Louis C. Woolf, Knoxville, Tenn., on brief; McCampbell, Young, Bartlett & Woolf, Knoxville, Tenn., of counsel, for defendants-appellees.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and THOMAS, District Judge.*

PHILLIPS, Chief Judge.

This case grows out of a motor vehicle accident which occurred on Interstate Highway 75 near Knoxville, Tennessee. District Judge Robert L. Taylor, 336 F. Supp. 186, directed a verdict against Mrs. Helen D. Lawson, the plaintiff, who appeals. Jurisdiction is based upon diversity of citizenship. Tennessee law controls.

Mrs. Lawson rented a U-Haul truck in Pontiac, Michigan, for the purpose of transporting her personal belongings to Cordele, Georgia. Mrs. Lawson's son drove the U-Haul which also towed her Buick automobile. The truck stalled on the highway. Mrs. Lawson, while on the way back to the truck from her towed car, was struck by a vehicle driven by John H. Godsey, who had approached from the rear. The Godsey vehicle went out of control, skidded to the right of the truck, struck the guard rail and pinned Mrs. Lawson against the truck, causing serious injuries.

* Honorable William K. Thomas, United States District Judge for the Northern District of Ohio, sitting by designation.

Suit was filed against the following parties, in addition to Godsey: the U-Haul Company, alleging that the truck was defective at the time it was rented; Ford Motor Company, alleging negligence in manufacture; and Port City Ford Truck Sales, Inc., of Houston, Texas, alleging negligence in repairing and installing a new motor in the truck. Process was served on the latter defendant under the Tennessee "Long Arm" statute, T.C.A. § 20–235.

After hearing the evidence the District Judge held that the proximate cause of the accident was the negligence of Godsey. He directed a verdict as to other defendants "because they were not guilty of any wrong-doing that proximately caused the accident."

■ Under the law of Tennessee the issue of proximate cause in appropriate cases may be a question of law for determination by the court. The Tennessee rule was stated concisely by the late Justice Weldon B. White in Kroger Company v. Giem, 215 Tenn. 459 at 471, 387 S.W.2d 620, 625 (1964):

"It is well settled that only where reasonable minds may draw but one conclusion from proven facts, that then and only then the determination of the question of proximate cause is for the court. Illinois Central R. Co. v. Nichols, 173 Tenn. 602, 118 S.W.2d 213 (1938).

"Proximate cause need not be the last act, the one nearest to the injury or damage, or the sole cause. Proximate cause means that which is the procuring and efficient cause of the accident, and indicates nearness in causal relation. Grigsby & Co. v. Bratton, 128 Tenn. 597, 163 S.W. 804 (1914)."

■ Applying the Tennessee rule to the evidence in the present case, we agree with the District Court that the negligence of Godsey was the proximate cause of the accident and that reasonable minds could draw no other conclusion. The District Court therefore was correct in directing a verdict in favor of the defendants-appellees.

We do not reach the issue of whether Port City Ford Truck Sales could be sued in Tennessee under the "Long Arm" statute or the various legal questions involving the U–Haul Company and Ford Motor Company.

Affirmed.