W. B. DUNAVANT AND COMPANY,
Appellant-Plaintiff,

v.

Rance PERKINS, Appellee-Defendant.

Supreme Court of Tennessee.

Sept. 4, 1973.

Armstrong, Allen, Braden, Goodman, McBride & Prewitt, Memphis, for appellant.

Earl P. Davis, Davis & Davis, Memphis, for appellee.

## OPINION

DYER, Chief Justice.

This case comes on direct appeal from the judgment of the Circuit Court of Shelby County, dismissing the complaint because of lack of jurisdiction over the person of the defendant, insufficiency of process, and insufficiency of service of process. Appellant's sole assignment of error is that the trial court should have found the defendant amenable to service of process and to the jurisdiction of the trial court under T.C.A. § 20–235, the Long-Arm Statute.

Appellant filed an action for breach of contract for failure of appellee to deliver thirty-two acres of cotton production from appellee's farm in Catron, Missouri, to appellant in Memphis, Tennessee. The complaint alleged that appellant was a Tennessee corporation with its principal place of business in Memphis, Tennessee. It further alleged that appellee appointed the National Farmers Organization of Corning, Iowa, as appellee's agent to sell appellee's cotton production and such an agreement to sell the cotton was made with the appellant. Finally, appellant alleged that due to appellee's failure to deliver the cotton production, appellant sustained a loss of Two Thousand Four Hundred and Five Dollars ($2,405.00).

The appellee filed a motion to dismiss on the following grounds: The court lacked jurisdiction over the subject matter of the case; the complaint failed to state a claim for relief; the court lacked jurisdiction over the person of the appellee; insufficiency of process; and insufficiency of service of process. The trial judge sustained the motion to dismiss on the last three grounds above.

Additionally, the appellant filed an affidavit of a partner of the appellant-company stating in substance that the appellant had accepted offers of sale by the National Farmers Organization on behalf of the appellee as well as several other farmers and that the oral contracts were accepted in Memphis. Attached to the affidavit and marked Exhibit 1, was a document entitled "Bill of Sale" which constituted the agreement between the appellee, Mr. Perkins, and the National Farmers Organization governing their legal relationship.

From the record it is evident that the appellee, Mr. Perkins, as a cotton grower, and the appellant, W. B. Dunavant and Company, as a cotton buyer, each entered into separate agreements with the National

Farmers Organization regarding Mr. Perkins' cotton production. The issue in this case is simply whether Mr. Perkins, a Missouri resident, is subject to the jurisdiction of Tennessee courts by virtue of the legal arrangements he made with the National Farmers Organization and by virtue of the actions of the National Farmers Organization pursuant to those arrangements.

The appellant contends that the National Farmers Organization was a marketing agent for Mr. Perkins, and, as his agent, the NFO entered into a contract with the appellant, the contract being consummated in Tennessee and requiring the delivery of warehouse receipts in Tennessee and payment by the appellant in Tennessee. This, the appellant argues, is sufficient contact with this jurisdiction to satisfy the due process clause of the Fourteenth Amendment to the United States Constitution and the requirements of T.C.A. 20–235(a) and (e).

Appellee's response directs itself to the absence of a specific allegation in the complaint that the place of contracting between the appellant and National Farmers Organization was in Tennessee, and denies that National Farmers Organization was appellee's agent. Furthermore, it is argued that any other transactions by the National Farmers Organization and the appellant regarding other cotton farmers is immaterial to this cause of action.

T.C.A. § 20–235 provides, in pertinent part, as follows:

> Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
>
> (a) The transaction of any business within the state;
>
> (b) Any tortious act or omission within this state;
>
> (c) The ownership or possession of any interest in property located within this state;
>
> (d) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting;
>
> (e) Entering into a contract for services to be rendered or for materials to be furnished in this state.
>
> (f) Any basis not inconsistent with the constitution of this state or of the United States.
>
> "Person" as used herein shall include corporations and all other entities which would be subject to service or process if presented in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative.

The above statute was carefully considered and determined to be constitutional in the case of Darby v. Superior Supply Co., 224 Tenn. 540, 458 S.W.2d 423 (1970). Therefore, it is necessary here only to decide whether its provisions apply to these facts and whether there would be a denial of due process of the law to hold Mr. Perkins to be within the jurisdiction of the courts of this State.

Particular reference has been made to the last paragraph of T.C.A. § 20–235, providing that a person

> . . . shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative.

It has frequently been held that activities, even if limited in time and scope, by a representative of a corporation may bring the corporation within the State's jurisdiction. However, in *Darby,* it was noted that the

United States Supreme Court had said in Olberding v. Illinois Central Railroad Co., 346 U.S. 338, 74 S.Ct. 83, 98 L.Ed. 39 (1953), that

> . . . what may be "fair play" and "substantial justice" as to corporations may not be such as to individuals, and cases involving corporations should be received cautiously as precedent for cases involving individual defendants. 224 Tenn. at 546, 458 S.W.2d at 425.

In this case Mr. Perkins and the National Farmers Organization entered into an agreement captioned and providing, in material part, as follows:

Sale Contract No. ─────

BILL OF SALE

KNOW ALL MEN BY THESE PRESENTS: That this contract is entered into on the date shown below between National Farmers Organization, hereinafter called NFO, and Rance Perkins, of Catron, Mo., a member of NFO.

In Consideration of their mutual promises and the mutual promises of other NFO members, the undersigned member and NFO agree that NFO on behalf of its members has entered or will enter into a contract and has sold or will sell to NFO and that the member has sold or agrees to sell under this contract as of this date the following production:

* * * * * *

The member shall not dispose of his production thus committed, contrary to this agreement. For failure to deliver under this contract, member agrees that such act will damage NFO in an amount that is and will be impracticable and very difficult to determine and fix and, therefore, the member agrees to pay NFO 25 percent of the gross value of the production so committed as liquidated damages for all the production that is disposed of contrary to this agreement. Said damages may be recovered by NFO

in any court of competent jurisdiction. In any suit based on this agreement, the NFO, if the prevailing party, shall be entitled to reasonable attorney fees and all costs of such suit.

* * * * * *

▆ The above agreement is, at best, somewhat ambiguous, but it cannot accurately be termed an agency or representation agreement as the appellant suggests. Although the second paragraph appears to indicate that NFO will be making a future sale on behalf of Mr. Perkins, the fact that "NFO" has been listed as the buyer as well as the seller makes that sentence meaningless. Furthermore, the caption "Bill of Sale" and the provision that a breach will make Mr. Perkins liable to NFO rather than any other party are convincing evidence that the agreement was for a sale not to create an agency arrangement.

Mr. Perkins has, likewise, not submitted himself to the jurisdiction of Tennessee courts by his personal actions. His activities were only with NFO and the record will not support jurisdiction under T.C.A. § 20–235, alleging the "transaction of any business within the state" (paragraph (a)) or entering "into a contract . . . for materials to be furnished in this state" (paragraph (e)). NFO may well be within the jurisdiction of the courts because of its actions, but Mr. Perkins' sale to NFO was not within Tennessee or, on the record, was it activity that could be reasonably expected to bring him within Tennessee's jurisdiction. Mr. Perkins could have anticipated a future transfer of the cotton by NFO to another party, but he cannot reasonably be deemed to have assumed that the future sale by his non-resident vendee would make him subject to the jurisdiction where the remote vendee was located. Comment, 33 Tenn.L.Rev. 371, 394. Otherwise, NFO sales could make Mr. Perkins subject to jurisdictions across the country. Lawson v. U–Haul Company, 336 F.Supp. 186 (E.D.Tenn.1971); Beale v. Caldwell, 322 F.Supp. 1151 (E.D.Tenn.

1970). There was not a "purposeful availing of the privilege of conducting activities in Tennessee," nor "an invocation of the benefits and protection of its laws." Darby v. Superior Supply Co., *supra*.

These facts must also be tested by the due process clause of the Fourteenth Amendment to the United States Constitution because under paragraph (f), the courts of this state have jurisdiction to the full extent constitutionally permitted. These limits have been described in leading cases including Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 (1878); International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Three criteria for determining the outer limits of the due process clause were set out in Southern Machine Co. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir. 1968):

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. 401 F.2d at 381.

Because of the limited nature of Mr. Perkins' activity and for the reasons set out earlier, it must be concluded that Mr. Perkins is not within the outer limits of this state's jurisdiction.

The judgment of the lower court is affirmed.

CHATTIN, HUMPHREYS and McCANLESS, JJ., and WILSON, Special Judge, concur.