WILLIAM W. BOND, JR. &
ASSOCIATES, INC.

v.

MONTEGO BAY DEVELOPMENT COR-
PORATION et al.

No. C–75–299.

United States District Court,
W. D. Tennessee, W. D.

Dec. 17, 1975.

John S. Richbourg, Memphis, Tenn., for plaintiff.

Lee L. Piovarcy, Memphis, Tenn. for defendants.

## MEMORANDUM OPINION AND ORDER·

WELLFORD, District Judge.

This diversity action arose out of a contract between William W. Bond, Jr. and Associates, Inc. (hereinafter "Bond, Inc." or "plaintiff"), a Tennessee corporation, and Montego Bay Development Corp., Wisterco Investments, Inc., both Maryland corporations, and William R. Bloxom, a Maryland resident (hereinafter "defendants"). The contract, attached as Exhibit A to the complaint, provided that Bond, Inc. was to prepare architectural, mechanical, electrical and structural plans for a Holiday Inn to be constructed in Ocean City, Maryland, on behalf of the defendants. The complaint alleges that although Bond, Inc. has per-

formed its obligations under the contract, the defendants have failed or refused to pay the full amount owed Bond, Inc. for its services, for the recovery of which this action was brought.[1]

The complaint alleges that the Court has *in personam* jurisdiction over defendants under the provisions of Tenn. Code Ann. § 20–235 *et seq.*, (Supp. 1974), the so-called "Long-Arm Statute." Specifically, plaintiff relies upon two subsections of § 20–235, to-wit:

20–235. Persons who are nonresidents of Tennessee . . . are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

(a) The transaction of any business within the state;

.    .    .    .    .    .

(e) Entering into a contract for services to be rendered or for materials to be furnished in this state.

The defendants deny this Court's power to bind them by a judgment *in personam* and have filed a motion to dismiss or, in the alternative, to quash service of process, along with affidavits in support thereof. The defendants deny that they have the minimum contracts with the forum state required by due process as interpreted by the courts. Defendants rely upon *International Shoe Company v. State of Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and its progeny of decisions from the United States Supreme Court, *Darby v. Superior Supply Company,* 224 Tenn. 540, 458 S.W.2d 423 (1970), *Dunavant v. Perkins,* 498 S.W. 2d 905 (Tenn.1973), and two unreported (insofar as ascertained to date) decisions of the Tennessee Court of Appeals,

---

1. The complaint alleges the sum of $46,272.-79 to be due and owing under the contract. The contract provides that the total fee of Bond, Inc. for its services was to be $51,000, of which $3,000 was to be paid at the time the contract was executed as a retainer fee. Another $3,000 was due upon acceptance of preliminary plans and was to be accompanied by notice to Bond, Inc. that

it could commence with the working drawings. Upon completion of the working drawings, Bond, Inc. was to send defendants two sets of prints for review and upon receipt of final payment of $45,000, signed and sealed copies of final prints, a condition precedent to obtaining a building permit, were to be furnished defendants

*Perkins Foods, Inc. v. Motor Inn Management, Inc., et al.,* W.S., June 18, 1975, and *Howard S. Patton, d/b/a W. J. Smith & Sons v. Royal Scotsman Inns, Corp.,* E.S., June 24, 1975.

The plaintiff, on the other hand, contends that jurisdiction properly obtains under the Long-Arm Statute, and relies mainly upon *Southern Machine Company v. Mohasco Industries, Inc.,* 401 F.2d 374 (6th Cir. 1968), *In-Flight Devices Corp. v. Van Dusen Air, Inc.,* 466 F.2d 220 (6th Cir. 1972), and a decision of the Shelby County Circuit Court, *Bond Investments, Inc. v. South Hills, Inc.,* Docket No. 42380, April 9, 1970.

The Court would note that, in the words of one recent writer, "[t]he present status of jurisdiction over foreign corporations in Tennessee is most aptly described as confused." Comment, "Jurisdiction Over Foreign Corporations in Tennessee," 42 Tenn.L.Rev. 325, 352 (1975). The United States Supreme Court has observed:

[D]ue process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'

*International Shoe Co. v. State of Washington, supra,* 326 U.S. at 316, 66 S.Ct. at 158, (citations omitted) The application of [the minimum contact] rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.

*Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958)

This Court also has the guidance of the Sixth Circuit Court of Appeals from *Southern Machine Company v. Mohasco Industries, Inc., supra* at 381:[2]

. . . three criteria emerge for determining the present outerlimits of *in personam* jurisdiction based on a single act. First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

There is no rigid yardstick by which a court can determine whether the assertion of *in personam* jurisdiction over a non-resident comports with due process. Are there "minimum contacts" with the state of Tennessee under the facts and circumstances here present?

The contract in question, dated February 22, 1974, is in the form of a letter from plaintiff to Dr. Rufus C. Johnson of Salisbury, Maryland, whereby plaintiff offered to perform architectural services for a specified consideration. It provided (in part):

This agreement has been negotiated and executed in the State of Tennessee and shall be construed and interpreted in accordance with the laws of that State. If this agreement is acceptable to you, please indicate your acceptance by executing below in the appropriate space.

The 'letter' was signed as "Accepted" by Montego Bay Development Corp./James B. Caine, Pres./Wisterco Investments, Inc./Rufus C. Johnson, Pres./William R. Bloxom, and below said signatures is the date "2–28–74." These individuals signing have, however, filed affidavits denying that either of the

---

2. The *Mohasco* criteria were also employed by the Tennessee Supreme Court in deciding *Dunavant v. Perkins, supra.*

corporate defendants at any time transacted business in Tennessee, denying ever being physically present in Tennessee, and asserting that the negotiations leading up to the execution of the contract occurred with plaintiff's then vice president (now president), Jack N. Schaffer, in Maryland. All affiants say they signed the document in Maryland, and affiants Caine and Johnson state their belief and recollection to be that Schaffer also signed the document in Maryland on behalf of Bond, Inc.

Jack N. Schaffer, on the other hand, in an affidavit, states that the services of Bond, Inc. were initially solicited by defendants through a telephone conversation, and that he went to Maryland to visit proposed construction sites and met with the principals of defendants to discuss the "general requirements" for the particular project. Schaffer further asserts that upon his return to Memphis, he supervised preparations of "preliminary plans" for the project, during the course of which correspondence and telephone conversations ensued between the parties. Preliminary plans were mailed to defendants and, following approval, working drawings were prepared, also approved by defendants. Affiant, Schaffer, also asserts that substantially all of the services performed by plaintiff under the contract were performed at the Memphis offices of Bond, Inc.

It does not conclusively appear whether Schaffer signed the letter contract on behalf of Bond, Inc. in Memphis or in Maryland, but apparently the contract was not finally 'executed' until defendants affixed their signatures to it in Maryland. Plaintiff emphasizes the fairness of asserting jurisdiction over nonresident defendants who entered a contract, such as here, with the foreseeable consequence that substantial services would be performed in the forum state. See *Bond Investments, Inc. v. South Hills, Inc., supra.*[3]

Although *Darby v. Superior Supply Co., supra,* is probably the leading decision of the Tennessee Supreme Court regarding Tenn.Code Ann. § 20–235(a) (transacting business within the state) and due process limitations, subsequently in *Dunavant v. Perkins, supra,* the *Mohasco* criteria were ratified.[4]

The defendants initially solicited the services of plaintiff in the preparation of plans and specifications for a project out of state. It was necessarily foreseeable to the parties that at least a substantial part of the services plaintiff was to provide would be performed at its offices in Tennessee. That no representative of the defendants was ever physically in Tennessee is not a controlling consideration. *Mohasco, supra* at 382. As stated in *Mohasco, supra,* at 382–383: " . . . business is transacted in a state when obligations created by the defendant or business operations set in motion by the defendant have a realistic impact on the commerce of the state; and the defendant has purposefully availed himself of the opportunity of acting there if he should have reasonably foreseen that the transaction would have consequences in that state." Here, a business transaction set in motion by defendants had a realistic, foreseeable and considerable impact on commerce in Tennessee. Thus the first criterion of *Mohasco* is met, that defendants have purposefully availed themselves of the

---

3. *Bond Investments, Inc. v. South Hills, Inc.* was an action by a Tennessee architectural concern against a Pennsylvania corporation for breach of a contract whereby the plaintiff was to prepare at its Memphis offices plans for a motel to be constructed in Pennsylvania. The contract was negotiated by mail and executed by plaintiff in Memphis and defendant in Pittsburg. The Court found jurisdiction under *Tenn.Code Ann.* § 20–235(e).

4. The *Darby* decision may be more restrictive than the viewpoint set out in Sixth Circuit opinions. See Comment, *supra* 42 Tenn.L.Rev. at 338 *et seq.* The federal courts have not been so restrictive in post-*Darby* considerations of "transacting business" cases. *See King v. Hailey Chevrolet Co.,* 462 F.2d 63 (6th Cir. 1972), *American Marine & Machinery v. Consumers Gas,* 379 F.Supp. 82 (M.D.Tenn.1973).

privilege of acting or causing a consequence in the forum state.

Under the *Mohasco* standard, it is clear also that the cause of action arose from defendants' activities in Tennessee. "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that contract." *Mohasco, supra* at 384, fn. 29.

The third criterion of *Mohasco* is that the contacts with the forum state be substantial enough so as to make it reasonable to require the defendants to defend the suit here. The interest of Tennessee here is to resolve a contract dispute brought by a resident to recover the alleged benefit of his bargain. Even a one-shot contract, if substantial enough in its effect on Tennessee commerce, appears to be a potentially sufficient contact with the forum state under Sixth Circuit standards.

The Tennessee Court of Appeals decisions of *Perkins, supra,* and *Patton, supra,* appear distinguishable in that in those cases performance of the contracts in question apparently was to occur in states other than Tennessee, unlike the instant case.[5]

It is, therefore, determined that *in personam* jurisdiction over all the defendants obtains pursuant to either Tenn.Code Ann. § 20–235(a) or (e), and that the assertion of such jurisdiction comports with due process requirements. The motion to dismiss, or in the alternative to quash service of process, is accordingly denied. It is so ordered.

---

5. In *Perkins,* the Tennessee Court of Appeals held a nonresident defendant licensee not subject to long-arm jurisdiction in a resident licensor's breach of contract action, where entry into a contract in Tennessee was the defendant's only contact with the forum state and that contract required the licensees to perform entirely outside Tennessee and provided that defendant would purchase certain supplies from plaintiff.

In *Patton,* an action by an insurance agent in Tennessee against a South Carolina corporation for premiums allegedly due under a builder's risk insurance policy on motels being constructed in North and South Carolina, where defendant's only contact with the Tennessee party was by telephone and written correspondence, the Court found no basis upon which to assert *in personam* jurisdiction.