IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 31, 2001 Session

## ORION PACIFIC, INC. v. EXCHANGE PLASTICS COMPANY

**Appeal from the Circuit Court for Rutherford County**
**No. 43504     Robert E. Corlew, Judge**

---

**No. M2000-02345-COA-R3-CV - Filed April 30, 2001**

---

The defendant Ohio company purchased truckloads of plastic from the Tennessee division of a Texas company. When the Ohio company refused to pay for all the plastic, the Texas company filed suit for the balance in a Tennessee court. The defendant argued that it did not have sufficient contact with Tennessee to subject it to personal jurisdiction in this state's courts. The trial court disagreed, and following a hearing, rendered a judgment for the plaintiff in the amount of $11,288. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed and Remanded**

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and PATRICIA J. COTTRELL, JJ., joined.

William W. Burton, Murfreesboro, Tennessee, for the appellant, Exchange Plastics Company.

Donald M. Bulloch, Jr., Murfreesboro, Tennessee, for the appellee, Orion Pacific, Inc.

## OPINION

### I.

The facts in this case are undisputed. In May of 1998, Exchange Plastics (Exchange), an Ohio Corporation, ordered six truckloads of recycled plastic from Orion Pacific (Orion), a Texas Corporation with divisional offices in Murfreesboro, Tennessee. Exchange contracted with several independent trucking companies to pick up the plastic in Murfreesboro, and to deliver it to their facility in Monolova, Ohio.

Orion Pacific sent several invoices to Exchange Plastics, directing that payment be made to Orion's office in Murfreesboro. Exchange paid some of the invoices, but refused to pay others. On

December 21, 1999, Orion brought suit for breach of contract against Exchange in the Rutherford County General Sessions Court. After the case was set for a trial on the merits, Exchange's attorney entered a limited appearance in the court, solely for the purpose of contesting the court's jurisdiction over the defendant. The court subsequently dismissed the case, finding that there was "insufficient evidence to support minimum contact." The plaintiff then appealed to the circuit court. The defendant again entered a limited appearance, and filed a motion to dismiss the suit for lack of jurisdiction.

On August 4, 2000, the circuit court conducted a hearing on the defendant's motion. It issued a memorandum opinion in the form of a letter dated August 14, 2000, which declared that the state of Tennessee could exercise jurisdiction over the defendant in accordance with the provisions of Tenn. Code. Ann. § 20-2-214, which provides for such jurisdiction where parties enter into a contract for the sale of merchandise located in this state. A hearing on the merits followed on August 16, after which the court granted the plaintiff judgment for $11,288. This appeal followed.

**II.**

The sole issue on appeal is the question of personal jurisdiction. Appellant Exchange Plastics argues that its contacts with the state of Tennessee were so tenuous as to place it outside the purview of the Tennessee long-arm statutes. Appellee Orion Pacific argues to the contrary that the appellant purposefully availed itself of the privilege of doing business in this state and thus could reasonably anticipate that it might be hauled into a Tennessee court as a result of its activities. *See Masada Investment Corporation v. Allen*, 697 S.W.2d 332 (Tenn. 1985).

Historically, corporations were only subject to the personal jurisdiction of the courts in the states where they were incorporated. As early corporations grew, and more and more of them expanded into multi-state operations, it was determined that they could also be sued in the states in which they registered to do business. Further developments in interstate transportation and communications required a still greater expansion of the jurisdictional reach of the courts of the individual states. *See Civil Procedure - Long-Arm Statute - Davenport v. State Farm Mutual Insurance Co.: Has Tennessee Fully Embraced the "Minimum Contacts" Test*, 19 Mem. L. Rev. 117 (1989).

Today, the power of state courts to bring non-resident individuals and corporations within their jurisdiction has been greatly expanded. The power is regulated by the long-arm statutes that have been enacted in all the states, as well as by a series of opinions issued by the United States Supreme Court, including the seminal *International Shoe Company v. State of Washington*, 326 U.S. 310 (1945). In this state, service of process and personal jurisdiction may be obtained over an out-of-state resident through the Tennessee long arm statutes, Tenn. Code. Ann. § 20-2-201, et seq. The trial court in this case based its decision upon Tenn. Code. Ann. § 20–2-214, which reads in part:

(a) Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the

state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

(1) The transaction of any business within the state;

. . .

(5) Entering into a contract for services to be rendered or for materials to be furnished in this state;

(6) Any basis not inconsistent with the constitution of this state or of the United States;

. . .

(b) "Person," as used herein, includes corporations and all other entities which would be subject to service of process if present in this state.

(c) Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative.[1]

The appellee contends that Exchange Plastics contracted to purchase materials that would be furnished in this state, thus rendering it subject to suit in the courts of this state under Section (a)(5) of Tenn. Code. Ann. § 20–2-214. The appellee also notes that Exchange knew that the plastic it was purchasing was located in Tennessee; that it contracted with several trucking companies to transport the plastic, including one corporation organized under the laws of Tennessee; and that the invoices designated Murfreesboro as the point of origin F.O.B., and thus that ownership of the material passed to Exchange within the state of Tennessee as a matter of law.

For its part, the appellant seeks to exploit a possible ambiguity in Tenn. Code. Ann. § 20-2-214(a)(5) by arguing that it did not enter into the contract to buy the plastic in this state. Since the contract was formed by telephone contact between its own Ohio office and Orion's Texas office, it reads the statute in such a way as to make the place of contract formation the critical consideration, rather than the place the services are to be performed or the materials furnished. We note, however, that although the sales manager Exchange dealt with operated out of a Texas office, she worked exclusively for the Tennessee division of Orion, and the appellant knew that the materials themselves would be furnished in Tennessee.

The appellant also relies heavily upon the case of *Darby v. Superior Supply*, 458 S.W.2d 423 (Tenn. 1970), a case whose facts are somewhat similar to those before us, yet one in which our

---

[1] We also note that many of these same provisions are repeated in Tenn. Code Ann. §§ 20-2-222 to -225.

Supreme Court reached a contrary conclusion. In that case, a resident of Florence, Alabama (Darby) ordered a modest quantity of mahogany lumber from a Tennessee corporation (Superior Supply) by correspondence and phone. Mr. Darby sent his agent to Superior's Chattanooga lumberyard to pick up the lumber, and to carry it to his home. When he found that he could only use part of the lumber, he paid for the part he used, and notified Superior that he would hold the rest for them. Superior did not agree, and sued him in a Tennessee court for the balance of the purchase price.

The trial court rendered judgment for the plaintiff, but our Supreme Court reversed, finding that in light of the very limited contact Mr. Darby had with the state of Tennessee, it did not comport with due process to subject him to suit in a Tennessee court. While the materials that Mr. Darby bought were furnished in the state of Tennessee, the Court ruled that the statute did not apply, because his single retail purchase did meet the standard for jurisdiction over an out-of-state actor enunciated in *Hanson v. Denckla,* 357 U.S. 235 (1958), that "a non-resident must do some act by which it purposefully avails itself of the privilege of conducting activities within the foreign state, thus invoking the benefits and protections of its laws." Quoted in 458 S.W.2d at 425.

There are some significant differences between the *Darby* case and the one before us. While *Darby* involved only a single, relatively small transaction between an out-of-state individual and a Tennessee corporation, the record in the present case indicates a more extensive course of dealing between the parties. Exchange ordered one load of recycled plastics from Orion in 1995, and physically received those materials in Rutherford County, Tennessee. In February of 1998, Exchange contacted Orion's agent, and ordered and received two loads of plastic physically located in the state of Tennessee. Two more loads were ordered, delivered and paid for in May of 1998.

Six additional tractor-trailer loads are at the center of the current dispute. Orion delivered every load of plastic to Exchange in Tennessee, by transferring it to a common carrier hired by the Ohio corporation for that purpose. The invoices in the record indicate that each trailer load of plastic weighed over 40,000 pounds. We note that Tennessee maintains an extensive system for the regulation of trucking in this state and for enforcement of those regulations, including size, weight and load limitations, to protect both its citizens and its roads. *See* Tenn. Code. Ann. § 55-7-101, et seq.

In view of the course of dealing between the parties, and the extensive contact with the state of Tennessee that it necessarily entailed, we conclude that Exchange Plastics has purposefully availed itself of the privilege of conducting activities within Tennessee, thus invoking the benefits and protections of its laws.

### III.

We note also that the long-arm statute has been amended four times since *Darby* was decided. The most significant amendment for our purposes is section (a)(6) which explicitly subjects out-of-state actors to the jurisdiction of the Tennessee courts "on any basis not inconsistent with the constitution of this state or of the United States." This section has been held to confer

jurisdiction to the fullest extent possible, consistent with the due process clause of the fourteenth amendment. *Shelby Mutual Insurance Co. v. Moore*, 645 S.W.2d 242 (Tenn. Ct. App. 1981); *W.B. Dunavant & Co. v. Perkins*, 498 S.W.2d 905 (Tenn. 1973). The *Darby* court held that even in passing the 1970 version of the statute, the legislature intended to give the courts jurisdictional power to the extent permitted by due process. 458 S.W.2d at 426. The Court found that Mr. Darby's contact with the state did not meet the test of *International Shoe* and *Hanson v. Denckla*.

It is not our purpose here to embark upon an extensive discussion of the cases decided since, but we wish to point out that substantially less contact with this state has been held sufficient to satisfy the due process requirements. *See Nicholstone Book Bindery, Inc. v. Chelsea House Publishers, et al.,* 621 S.W.2d 560 (Tenn. 1981)*;* and *Masada Investment Corporation v. Allen*, 697 S.W.2d 332 (Tenn. 1985). The basic standard remains the same: that questions of personal jurisdiction are to be decided upon whether the defendant had certain minimum contacts with the forum state such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." 326 U.S. at 158.

We do not believe that the court has imposed an undue burden upon Exchange by allowing the plaintiff to compel it to answer in Tennessee for allegedly refusing to pay for goods that its agents received in this state. We also think that Tennessee has an interest in adjudicating this dispute, because the plaintiff apparently has a substantial presence in this state, the goods that are the subject of the dispute were located here, and the defendant's agents had to make extensive use of Tennessee's roads in order to accept the goods and deliver them to the defendant's facility. In short, while it may have been more convenient for the defendant to appear in an Ohio Court, it does not offend "traditional notions of fair play and substantial justice" to have it answer for its actions in Tennessee.

## IV.

The judgment of the trial court is affirmed. Remand this cause to the Circuit Court of Rutherford County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellant, Exchange Plastics Company.

_____
BEN H. CANTRELL, PRESIDING JUDGE, M.S.

-5-