Kate Carr EASTERLING, suing in her own behalf, and Katherine Miller, Minor, suing by her next friend, Kate Carr Easterling, Plaintiffs,

v.

COOPER MOTORS, INC., Defendant.

No. C–144–G–59.

United States District Court
M. D. North Carolina,
Greensboro Division.

Aug. 19, 1960.

Horace R. Kornegay and McLendon, Brim, Holderness & Brooks, Greensboro, N. C., for plaintiffs.

Jordan, Wright, Henson & Nichols, Greensboro, N. C., for defendant.

EDWIN M. STANLEY, District Judge.

This matter is before the court upon the special appearance and motion of the defendant to quash the service of summons and dismiss the action, for the reason that the court has not acquired jurisdiction over the "person" of the defendant, a foreign corporation.

■ Jurisdiction is based on diversity of citizenship, and service of summons was made on the defendant by serving a copy of the summons and complaint upon L. W. Cooper, Sr., president of the defendant corporation, by the United States Marshal for the Western District of North Carolina, while he was in Charlotte, North Carolina, on September 21, 1959, for the purpose of viewing the 1960 line of Dodge automobiles.

Plaintiffs seek the recovery of damages for personal injuries sustained by them on March 7, 1959, near Lexington, North Carolina, when an automobile owned by R. G. Carr, the father of the plaintiff, Kate Carr Easterling, and the grandfather of the plaintiff, Katherine Miller, suddenly left the highway and was totally wrecked. The automobile was being driven by Kate Carr Easterling and Katherine Miller was a passenger. Plaintiffs allege that their injuries were the proximate result of negligence of the defendant in removing and not replacing the nut and cotter pin on the tie rod of said automobile at a time when same was repaired by employees of the defendant at its place of business in Clinton, South Carolina, during the week following February 22, 1959.

Both plaintiffs are citizens and residents of Guilford County, North Carolina. The defendant is a corporation organized and existing under the laws of the State of South Carolina, and maintains its only office and place of business in Clinton, South Carolina.

At all times pertinent, the defendant, an authorized Plymouth and Dodge dealer, owned and operated a business for the sale, maintenance and repair of automobiles at Clinton, South Carolina. R. G. Carr, a citizen and resident of Joanna, South Carolina, purchased said automobile from the defendant at its place of business in Clinton, South Carolina. The plaintiff, Kate Carr Easterling, with the consent of her father, R. G. Carr, the owner of said automobile, had driven same from the home of her father at Joanna, South Carolina, to Greensboro, North Carolina, and was in the act of returning same to the home of her father at the time of the accident.

■ There can be no question but that the plaintiffs complied with the provision of Rule 4(d) (7), Federal Rules of Civil Procedure, 28 U.S.C.A., and Section 1–97, General Statutes of North Carolina, when service of summons and complaint was made upon the president of the defendant corporation. Nevertheless, the mere fact that there is personal service upon an officer of a foreign corporation who is present in the State is insufficient to subject a foreign corporation to the jurisdiction of the court.

There are two relevant North Carolina statutes dealing with jurisdiction over foreign corporations. Section 55–144, General Statutes of North Carolina, relates to jurisdiction over foreign corporations transacting business in this State, and Section 55–145, General Statutes of North Carolina, relates to jurisdiction over foreign corporations "whether or not such foreign corporation is transacting or has transacted business in this State." If service of process is to be sustained in this case, it must be under one of these statutes.

The plaintiffs do not seriously contend that the defendant was transacting business in North Carolina, or that Section 55–144 of the General Statutes has any

application. It is true that the president of the defendant corporation made occasional visits to the regional office of the Chrysler Corporation at Charlotte, North Carolina, for the purpose of viewing new model automobiles, or taking customers who wished to purchase some particular type of automobile or truck which the defendant did not have at its place of business in Clinton, South Carolina, and occasionally communicated with said regional office by telephone, telegram, or letter, but these contacts fall far short of the "minimum contacts" required to subject a foreign corporation to jurisdiction of the courts of this State. Putnam v. Triangle Publications, Inc., 1957, 245 N.C. 432, 96 S.E.2d 445.

Section 55–145, General Statutes of North Carolina, provides, in pertinent parts, as follows:

"(a) Every foreign corporation shall be subject to suit in this State, by a resident of this State or by a person having a usual place of business in this State, whether or not such foreign corporation is transacting or has transacted business in this State and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows:

\* \* \* \* \* \*

(4) Out of tortious conduct in this State, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."

The plaintiffs concede that the crucial question for determination is whether the above quoted statute has any application to the factual situation here presented, and if so, whether to sustain jurisdiction would be offensive to the due process clause of the Constitution of the United States.

While the only acts of negligence on the part of the defendant are alleged to have been committed in South Carolina, there are authorities that would support a conclusion that the alleged tort was committed in this State, the place where the injury occurred. There are authorities to the contrary. However, it appears that to sustain jurisdiction, even if the tort was committed in North Carolina, would be offensive to the due process clause. This conclusion is clearly supported by the recent case of Erlanger Mills, Inc. v. Cohoes Fibre Mills, Inc., 4 Cir., 1956, 239 F.2d 502, where the Court of Appeals for this circuit warns of the dangers involved in sustaining jurisdiction over foreign corporations in similar situations. At page 507 it is stated:

"Furthermore, to sustain jurisdiction here would not only be offensive to the due process clause, but it would involve the danger of grave burdens and impediments to interstate commerce, if the door should be opened to similar legislation by other States. \* \* \* To illustrate the logical and not too improbable extension of the problem, let us consider the hesitancy a California dealer might feel if asked to sell a set of tires to a tourist with Pennsylvania license plates, knowing that he might be required to defend in the courts of Pennsylvania a suit for refund of the purchase price or *for heavy damages in case of accident attributed to a defect in tires.*" (Emphasis supplied)

At page 509, the court continued:

"The Constitution which was ordained 'to form a more perfect union,' contemplates that the boundaries between the states shall have continued significance for some purposes though not for all. If one State may, without violation of the due process clause, extend the authority of its courts beyond its boundaries over persons and situations not sufficiently related to that State, the separate identity of the States will be reduced to a mere fiction. Individual states could undertake at the expense of other

4

States to enlarge the sphere of their authority to nationwide dimensions. It requires no flight of fancy to foresee the resulting maze of lawsuits adjudicating the interests of persons having only the faintest and most remote links with the State exercising authority. If the due process clause is not effective to restrain such extensions of local power, then the federal system is likely to be transformed into something very different from anything we have known."

It is concluded that the purported service of summons and complaint upon the defendant should be quashed and set aside, and that the action should be dismissed.

Counsel for the defendant will prepare and present to the court an order in conformity with this opinion.