**Harold F. BEAL**

v.

**Harry B. CALDWELL, Jr.**

**Civ. A. No. 7087.**

United States District Court, E. D. Tennessee, N. D.

Nov. 27, 1970.

James K. Giffen, Sidney W. Gilreath, Haynes, Gilreath & Cary, Knoxville, Tenn., for plaintiff.

Jack B. Draper, Arnett, Draper & Hagood, Knoxville, Tenn., Arthur O. Cooke, Greensboro, N. C., for defendant.

### MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Harold F. Beal purchased a Stearman aircraft from Harry B. Caldwell, Jr. on August 23, 1969. On August 30, 1969, the plane crashed in Tennessee. Beal brings this action to recover damages for injuries to himself and the plane. Service of process was under the Tennessee Long Arm Statute, Tenn.Code Annot. § 20–235.[1] Defendant has moved

---

1. "20–235. *Jurisdiction of persons unavailable to personal service in state—Classes of actions to which applicable.—* Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

"(a) The transaction of any business within the state;

"(b) Any tortious act or omission within this state;

"(c) The ownership or possession of any interest in property located within this state;

"(d) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting;

"(e) Entering into a contract for services to be rendered or for materials to be furnished in this state.

"'Person' as used herein shall include corporations and all other entities which would be subject to service or process if present in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative."

for summary judgment, contending the service was defective and that the Court has not acquired in personam jurisdiction.

Affidavits in support of the motion, stipulations, and the pleadings reveal this information. Defendant has lived in North Carolina his entire life and currently he resides in Greensboro. He has been employed as an insurance agent for the past thirteen years. He began flying in 1956 and holds a commercial license. He has conducted or participated in an enterprise called "World Air Shows" which puts on flying exhibitions. All of these shows have been in North Carolina except two in Virginia. Defendant now owns one plane, a Beechcraft Bonanza, which he uses in his business to cover North Carolina.

In 1969, Caldwell decided to dispose of his Stearman and placed an ad in the "Trade-A-Plane" journal, a magazine published at Crossville, Tennessee which carries notices of planes and farm equipment for sale or trade. "Trade-A-Plane" is circulated in all fifty states and is available only by subscription.

About the time defendant advertised his plane, plaintiff, a resident of Knox County, Tennessee, also advertised an aircraft which he desired to trade or sell. Plaintiff responded to defendant's advertisement by letter, proposing to swap the planes with a cash differential. Subsequently, plaintiff phoned defendant in North Carolina. Defendant was out of his office, but later returned the call. Thereafter, defendant mailed pictures of his plane to plaintiff in Tennessee. During the negotiations plaintiff flew his plane to North Carolina for the defendant to inspect. Agreement on the price was reached in North Carolina where the purchase money and bill of sale were also exchanged. Immediately after the sale was closed, plaintiff flew the Stearman to Tennessee. Defendant knew throughout the negotiations that plaintiff was a Tennessee resident and that if plaintiff purchased the Stearman, it would be used and maintained in Tennessee.

Questions involving the Tennessee Long Arm Statute have risen frequently in the federal courts since the adoption of the statute in 1965. In those cases it was generally observed that there were no Tennessee decisions construing the statute and that the federal court would attempt to construe the statute like a Tennessee court. Two recent Tennessee decisions have filled this gap and aided our consideration of this question.

In Darby v. Superior Supply Company, Tenn., 458 S.W.2d 423 (1970), a Tennessee corporation filed suit in Hamilton County, Tennessee to recover the balance due on a sales contract. Letters and phone conversations between the plaintiff in Chattanooga and the defendant in Florence, Alabama, had resulted in the defendant's contract to purchase. Plaintiff had difficulty in finding the particular mahogany defendant wanted to use in the construction of his home. Consequently, defendant sent an agent to Chattanooga who accepted delivery of the lumber there and brought it in defendant's truck back to Florence. The Court held that the service of process violated the due process clause and did not give the Tennessee courts in personam jurisdiction over the defendant.

We consider this particular language in the Court's discussion pertinent:

"Whether due process is satisfied must depend rather upon the quality and nature of the activity in relation to the fair and orderly administration of the laws which it was the purpose of the due process clause to insure. * * * "

The Court pointed out that "the quality and nature of the activity" will vary but "what may be 'fair play' and 'substantial justice' as to corporations may not be such as to individuals, and cases involving corporations should be received cautiously as precedent for cases involving individual defendants".

The other Tennessee case is that of Southern Foundry Supply, Inc. v. Spang

& Company, an unreported decision by the Eastern Section of the Tennessee Court of Appeals. Plaintiff nationally advertised the sale or lease of its used Stearns 65-inch lifting magnet. An agent of the defendant came to the plaintiff's place of business in Chattanooga for the purpose of inspecting the magnet. After the agent returned to Pennsylvania and reported to the company officials, Mr. J. C. Marinsky, buyer for Ferroslag, a division of Spang & Company located in Butler, Pennsylvania, issued its purchase order to the plaintiff, Southern Foundry Supply, Inc., in Chattanooga. The magnet was shipped to the defendant in accordance with the terms of the purchase order and the defendant kept it for approximately two months. After the magnet completely ceased to operate the defendant returned it to plaintiff in Chattanooga. Subsequent to its return, plaintiff shipped the magnet to Birmingham where it was repaired at considerable expense to plaintiff. Plaintiff brought an action in Hamilton County, Tennessee to collect unpaid rent and for damages resulting from the defendant's abuse of the magnet. The Court, citing *Darby*, held that the "quality and quantity of the defendant's acts" were insufficient to show that the defendant was engaged in the "transaction of business" within the intent of T.C.A. § 20–235 so as to establish a basis for in personam jurisdiction.

To support his contention that the defendant is subject to a judgment in personam, plaintiff relies upon Southern Machine Company v. Mohasco Industries, Inc., 401 F.2d 374 (C.A.6, 1968). In that case the contract licensed a Tennessee company to manufacture in Tennessee tufting machines of the defendant. The Court found inconclusive the facts that the defendant had no agents in the State; that the contract was negotiated by telephone with only one party in Tennessee and that the contract was ultimately executed in New York. The contract in that case was related directly to Tennessee. Moreover, the Southern Machine Company contract was an ordinary commercial agreement "with foreseeable economic repercussions in the State of Tennessee. The foreign corporation purposely sought to avail itself of activity in Tennessee to make a profit."

Plaintiff also relies upon the case of Kroger Company v. Adkins Transfer Company et al., D.C., 284 F.Supp. 371, aff'd, Kroger Company v. Dornbos, 408 F.2d 813 (C.A.6, 1969). In that case a Michigan fish packer was charged with negligence in the preparation and packaging of fish in Michigan which were later shipped into Tennessee where they were consumed and produced injuries and deaths. The Court held that the negligence of the defendant continued from the point of commission to the point of injury and therefore the Tennessee court had in personam jurisdiction over the defendant. The defendant was engaged in a regular commercial enterprise for profit and regularly distributed its products across state boundaries. The facts in the *Kroger* case are clearly distinguishable from the facts in the present case.

In our case, plaintiff contends that defendant's contacts with the State of Tennessee were as follows:

(1) The defendant sought out in Tennessee a publisher to advertise the sale of his plane;

(2) The defendant sought a Tennessee buyer by advertising his plane in Tennessee;

(3) The plaintiff contacted the defendant by interstate communication from Tennessee and the defendant contacted the plaintiff by interstate communication in Tennessee;

(4) The plane crashed in Tennessee.

The most that can be said about these contacts is that the defendant advertised in the Crossville "Trade-A-Plane" publication which was used by residents of the fifty states not only to advertise the sale or purchase of airplanes but also of farm machinery. As was stated in the oral argument, a dissatisfied purchaser

from the State of California could sue the defendant in the State and require him to travel some 3,000 miles to defend himself. We do not believe that such procedure would meet the traditional notions of fair play. Nor do we believe that defendant's advertisement of his airplane in the Crossville publication met the "quantity and quality tests" necessary to establish a basis for in personam jurisdiction. See Cassell v. Loyola University, 294 F.Supp. 622 (D.C., 1968), and Wynn v. Buttram, 310 F. Supp. 125 (D.C., 1969) of this Court holding long-arm service inadequate. Also see Marival, Inc. v. Planes, Inc., 302 F. Supp. 201 (N.D.Ga., 1969); Tilley v. Keller Truck and Implement Corp., 200 Kan. 641, 438 P.2d 128 (1968); Easterling v. Cooper Motors, Inc., 26 F.R.D. 1 (D.C., 1960); Scheidt v. Young, 389 F. 2d 58 (C.A.3, 1968).

For the reasons indicated and upon the authority cited, defendant's motion for summary judgment must be sustained, without prejudice to plaintiff to institute proceedings in other courts acquiring jurisdiction over the defendant.