**JASPER AVIATION, INC., Appellant,**

v.

**McCOLLUM AVIATION, INC., and Louis McCollum, alias "Watcha" McCollum, Individually, Appellees.**

Supreme Court of Tennessee.

June 5, 1972.

Atchley, Atchley & Cox, Chattanooga, for appellant.

Chambliss, Bahner & Crawford, Chattanooga, for appellees.

OPINION

ERBY L. JENKINS, Special Justice.

The plaintiff below, Jasper Aviation, Inc., a Tennessee corporation which maintains offices in Chattanooga and Jasper, Tennessee, is the appellant. The corporate defendant, McCollum Aviation, Inc., is a Delaware corporation, licensed to do business in the State of Illinois, and the individual defendant, Louis McCollum, a resident of Danville, Illinois, who sometimes uses the name "Whatcha" McCollum, are the appellees. The principal place of business of the corporate defendant is Danville, Illinois.

On January 28, 1971, plaintiff instituted this action by service of process on the Secretary of the State of Tennessee, under the authority of our Long Arm Statute, T.C.A. § 20–235, which provides:

"Jurisdiction of persons unavailable to personal service in state—Classes of actions to which applicable.—Persons who are nonresidents of Tennessee and residents of Tennessee who are outside the state and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

(a) The transaction of any business within the state;

(b) Any tortious act or omission within this state;

(c) The ownership or possession of any interest in property located within this state;

(d) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting;

(e) Entering into a contract for services to be rendered or for materials to be furnished in this state.

'Person' as used herein shall include corporations and all other entities which would be subject to service or process if present in this state. Any such person shall be deemed to have submitted to the jurisdiction of this state who acts in the manner above described through an agent or personal representative."

The complaint made the following allegations:

"In June of 1970, Louis McCollum, acting for McCollum Aviation, Inc., caused to be printed in the State of Tennessee, at Crossville, an ad in a trade paper known as Trade-A-Plane. This trade paper is a Tennessee publication, and is mailed by the owners thereof from Crossville, Tennessee, to all parts of the world, including the wide distribution within the State of Tennessee. In the 3rd of June issue of 1970, the said defendants caused to be published the following ad in the helicopter section of said paper:

'HUGHES 300, POLICE kit, siren, wiper, 100 hours components, radio, lights, fresh license. $17,900. Watcha McCollum, Route 5, Danville, Illinois. 217, 446–9000.'

"In response to this advertisement, officers of the Jasper Aviation, Inc., telephoned and discussed the aircraft from Chattanooga, Tennessee, then went to Danville, Illinois, and picked up the aircraft, having consummated the contract on the telephone from Chattanooga, Tennessee. The delivery of the said aircraft was taken on the 28th day of August, 1970, and shortly thereafter it was discovered that the said aircraft had been falsely advertised, and falsely misrepresented; that the entries in the aircraft log, which is required under Federal Aviation Authority to be kept, had fraudulent endorsements, and improper entries. The Federal Aviation Authority immediately grounded the said aircraft as being unairworthy because the compo-

nents found in the aircraft were not found in the log. That the components listed in the log were not to be found in the aircraft. Some of the parts had been installed by non-licensed mechanics, in violation of regulations, and forgeries were found in the aircraft log book.

"It was then discovered that the aircraft sold by the defendants was in a restricted category, and did not have Federal Aviation Authority approval for use, and it was necessary for complainant to get the aircraft re-listed in normal category.

"That it was necessary, in order to correct this situation, for the complainant to spend $6,168.47 to make the said aircraft airworthy. The aircraft was out of service for many days while the necessary repair work was done on it. A considerable amount of additional time and expense was necessary to be used in trying to trace down the aircraft history."

The plaintiff brought suit for $18,500.00 for tortious misrepresentation and in addition, for breach of implied warranty of merchantability, and breach of implied warranty for fitness for a particular purpose.

The defendants, appearing specially to contest jurisdiction, moved to dismiss on the grounds that: (1) the defendants were non-residents, (2) neither of the defendants had done business in Tennessee; and (3) the Long Arm Statute was unconstitutional as applied to the facts of the case at Bar.

The trial judge sustained defendants' motion to dismiss on the basis of our decision in Darby v. Superior Supply Company, 224 Tenn. 540, 458 S.W.2d 423 (1970).

The sole question for this Court to decide is the correctness of the trial judge in sustaining the defendants' motion to dismiss for lack of in personam jurisdiction. In its appeal, the plaintiff assigned the following errors:

1. The learned trial judge erred in applying Darby v. Superior Supply Company to the facts as set out in the complaint.

2. The learned trial judge erred in sustaining defendants' motion to dismiss under the alleged facts of the complaint.

■ Although plaintiff's complaint below alleged contractual breaches of the implied warranties of merchantability and fitness for a particular purpose, as well as misrepresentation, plaintiff has based his appeal to this Court solely upon the Tort theory of misrepresentation. Tennessee recognizes three types of tortious misrepresentation. The first is set forth in Restatement of Torts 2d, § 402B, and provides that a purchaser may recover damages from a seller or manufacturer of a product for economic loss sustained by the buyer as a result of the misrepresentations. § 402B applies, however, only to persons engaged in the selling or manufacturing of chattels and does not apply to individual or private sales. See Restatement of Torts 2d § 402B Comment (e). This theory was recognized and approved by our Court in Ford Motor Company v. Lonon, 217 Tenn. 400, 398 S.W.2d 240 (1966).

■ The second theory is found in American Law Institute, Restatement of Torts 2d, § 552, Tent.Draft No. 11, April 15, 1965. There it is said:

"(1) One, who in the course of his business, profession or employment, or a transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon such information if he fails to exercise reasonable care or competence in obtaining or communicating the information.

"(2) The liability stated in subsection (1) is limited to loss suffered

(a) by the person or one of the persons for whose benefit and guidance

he knows the information to be intended; and

(b) through reliance upon it in a transaction in which it is intended to influence his conduct."

The liability is, however, subject to the defenses of "contributory fault, adequate disclaimers, or other defenses" Tartera v. Palumbo, 224 Tenn. 262, 453 S.W.2d 780 (1970).

The allegations of plaintiff's complaint distinguish the case at Bar from our holding in Darby v. Superior Supply Company. The question in *Darby* was: "In an ordinary, single, retail sale transaction, where the purchaser never enters the State of Tennessee until the purchase contract has been consummated, and thereafter his only connection with the State of Tennessee is the acceptance of the delivery by an agent in Tennessee, is this a purposeful availing of the privilege of conducting activities in Tennessee and is it an invocation of the benefits and protection of its laws?" Darby v. Superior Supply Company, supra, 458 S.W.2d at p. 427. The question was answered in the negative by this Court for the reason that the non-resident defendant did not have "the necessary minimum contacts" as required by the United States Supreme Court. International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); McGee v. International Life Insurance Company, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

■ The third theory of actionable misrepresentation is a plaintiff's suit for fraud and deceit. This action requires that the plaintiff show "that a false misrepresentation has been made (1) knowingly, or (2) without belief in its truth, or (3) reckless and careless whether it be true or false." Derry v. Peek, 14 App.Cas. 337, 58 L.J. § 864 (1889); Tartera v. Palumbo, 224 Tenn. 262, 453 S.W.2d 780 (1970).

The same "transaction of business" and "minimum contact" requirements that govern the *Darby* decision also govern the plaintiff's theories under the contractual allegations of breach of the implied warranties of merchantability and fitness for a particular purpose. However, the plaintiff has also alleged tortious misrepresentation and contends that the Tennessee Courts, under the provisions of our Long Arm Statute, T.C.A. 20–235(b), which provides jurisdiction over non-residents ". . . as to any action or claim for relief arising from . . . any tortious act or omission within this state . . ." have jurisdiction as to this particular non-resident as respects the allegations involving tort.

In the case at Bar, defendants contend there were no acts which could be construed as an activity within Tennessee, nor did the defendants do anything which could be construed as availing themselves of the privilege of conducting business within Tennessee. Defendants contend that the trial judge was correct in sustaining their motion to dismiss, because the only contact with Tennessee was that defendant ran an advertisement in a trade paper which happened to be published in Tennessee.

However, in the present case, plaintiff has not confined his suit exclusively to the "transaction of any business" requirement of T.C.A. 20–235(a). Plaintiff argues that defendants caused a tortious misrepresentation to be made within the State of Tennessee by placing the advertisement in the "Trade-A-Plane" journal. Plaintiff relied on the advertisement which led him to believe that the aircraft was ready for immediate use, due to the fact that the components had been in use for only one hundred hours and the aircraft had a "fresh license." This was all confirmed by telephone from Chattanooga to Danville, Illinois, according to the complaint.

The plaintiff alleged that these statements constituted a misrepresentation of the true facts and that, relying on the mis-

representations, he was caused to suffer economic loss and injury as a result of the fraud.

As a result of defendants' alleged misrepresentation, plaintiff expended time and money in Tennessee, in order to make the helicopter airworthy under Federal Aviation Authority regulations. Therefore, plaintiff contends that defendants are subject to the personal jurisdiction of our state courts under T.C.A. 20–235(b) which confers jurisdiction to Tennessee courts over non-residents "as to any action or claim for relief arising from . . . any tortious act or omission within this state . . . ."

In Hanvy v. Crosman Arms Company, Inc., 225 Tenn. 262, 466 S.W.2d 214, 216 (1971), we held ". . . the legislature intended, in enacting T.C.A. § 20–235(b), to confer jurisdiction to our courts over nonresident tort-feasors in situations . . . when the allegedly negligent conduct occurred without, but the resulting tortious injury occurred within, the State." The injury in Hanvy was caused by the defendant's negligence in testing the air rifle, which resulted in the shipment of the rifle from defendant's factory into this State in a loaded and dangerous condition.

■ In the instant case, plaintiff alleges that the tortious act of misrepresentation and the economic loss, both of which occurred within this State, fulfill the clear requirements of T.C.A. § 20–235(b) for in personam jurisdiction. But, we need not reach the question of whether the misrepresentations themselves were made within or without the State, for even if all the tortious acts in a case were committed outside the State of Tennessee, as in Hanvy, but the resulting tortious injury was sustained within the State, then the tortious acts and the injury are inseparable and jurisdiction lies in Tennessee. Hanvy v. Crosman Arms Company, Inc., supra, at page 216; Gray v. American Radiator & Standard Sanitary Corp., 22 Ill.2d 432, 176 N.E.2d 761 (1961); Bowen v. Bateman, 76

Wash.2d 567, 458 P.2d 269, 273–274 (1969); Myers v. United States Automobile Club, Inc., 281 F.Supp. 48 (E.D.Tenn. 1968).

Defendant, in a supplemental brief, relies heavily on Beal v. Caldwell, 322 F.Supp. 1151 (E.D.Tenn.1970), in which the seller of an airplane was sued under T.C.A. § 20–235 for property damage and personal injuries sustained when the airplane crashed in Tennessee.

The defendant in Beal, a North Carolina resident, had advertised an airplane for sale, in the same "Trade-A-Plane" journal as the present case, and negotiated the transaction with the Tennessee plaintiff by long-distance telephone and letter. The defendant had mailed pictures of the aircraft from North Carolina to the plaintiff in Tennessee. The plaintiff flew to North Carolina to consummate the purchase and crashed on his return to Tennessee. The District Court sustained defendant's motion for summary judgment because of insufficient contacts with Tennessee. Beal v. Caldwell, supra, at p. 1154.

The facts in Beal are clearly distinguishable from the facts in the present case. In Beal, as in Darby, supra, the decision was based upon insufficient contacts as applied to the "transaction of any business" requirement of T.C.A. 20–235(a), whereas our decision in the case at Bar is grounded upon the "tortious act" requirement of T. C.A. 20–235(b).

■ The plaintiff's complaint makes the allegation that an out-of-state defendant misrepresented the truth concerning a certain chattel. The complaint further states that the plaintiff relied on the alleged misrepresentations and as a result thereof suffered economic loss and injury in the State of Tennessee. These allegations and statements, taken together, are sufficient to state a cause of action for misrepresentation. If there is a misrepresentation, whether it comes within the provisions of Restatement of Torts 2d, § 402B, Restatement of Torts 2d, § 552 (Tent.Draft), or

the common law action of fraud and deceit, then the injury from that misrepresentation occurred in Tennessee. Accordingly, under our decision in Hanvy v. Crosman Arms Company, Inc., supra, the action lies in Tennessee, and our Long Arm Statute confers jurisdiction upon the Tennessee courts over the non-resident defendant.

The order of the learned Trial Judge sustaining the defendant's motion to dismiss is respectfully overruled. The cause is remanded to the trial court, and defendant is required to answer to plaintiff's complaint.

DYER, C. J., and CRESON, HUMPHREYS, and McCANLESS, JJ., concur.