It is further ordered that defendants' motion to dismiss be and is sustained and that the action be and is dismissed.

Robert A. WALKER

v.

KAWASAKI MOTORS CORPORATION.

Civ. A. No. 8297.

United States District Court,
E. D. Tennessee, N. D.

Oct. 30, 1973.

**608**

Charles W. Martin, Oneida, Tenn., for plaintiff.

Benton H. Jones, Asquith, Ailor & Jones, Knoxville, Tenn., for defendant.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff, a Tennessee resident, has filed this action to recover damages received in an accident on U. S. Highway #27 in Scott County, Tennessee, allegedly caused when the sprocket chain on the Kawasaki motorcycle he was riding broke and wrapped itself into the spokes of the rear wheel. Plaintiff purchased the motorcycle on April 20, 1973 from an independent dealer, Competition Plus, in Dalton, Georgia, who had been supplied motorcycles by defendant, Kawasaki Motors Corporation, U.S.A., a Delaware corporation, with its principal place of business in Santa Ana, California.

Process was issued upon defendant pursuant to T.C.A. § 20–235, as amended, which provides in pertinent part:

"Persons who are nonresidents of Tennessee . . . and (who) cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:

"(a) The transaction of any business within the state;

"(b) Any tortious act or omission within this state;

\* \* \* \* \*

"(d) Entering into any contract of insurance, indemnity, or guaranty covering any person, property, or risk located within this state at the time of contracting;

\* \* \* \* \*

"(f) Any basis not inconsistent with the constitution of this state or of the United States."

Defendant has moved the Court to dismiss the complaint and quash the summons issued against it on the grounds that (1) this Court lacks in personam jurisdiction over the defendant in this diversity action and (2) that venue is improper under Title 28 U.S.C. § 1391(c).

From the affidavit attached to the motion to dismiss, it appears that defendant, Kawasaki Motors Corporation, U.S.A., was organized under the laws of Delaware with its principal place of business in California and is an importer and regional distributor of Kawasaki motorcycles. Its region encompasses Alabama, Georgia, Florida, Mississippi, North and South Carolina. The region that includes Tennessee is serviced by Kawasaki Midwest, a division of KMW, Inc. The affidavit further reflects that while defendant does not now, and has not done business in Tennessee, Kawasaki Midwest is the intermediate distributor for defendant to dealers in Tennessee. Additionally, it is the defendant

who orders all motorcycles and causes them to be shipped to various points in the United States from the Japanese manufacturer, Kawasaki Heavy Industries, Ltd. In turn, the motorcycles are sold by the regional distributors to local dealers who sell to the ultimate consumers.

Defendant relies upon the cases of Fayette v. Volkswagen of America, Inc., 273 F.Supp. 323 (W.D.Tenn.W.D.1967); Beal v. Caldwell, 322 F.Supp. 1151 (E. D.Tenn.N.D.1970); Lawson v. U-Haul Company, 336 F.Supp. 186 (E.D.Tenn. N.D.1971); and Darby v. Superior Supply Company, 224 Tenn. 540, 458 S.W.2d 423 (1970), in support of its contention that it is not amenable to service of process under Tennessee's long-arm statute. For reasons stated hereafter, it is the opinion of the Court that this reliance is misplaced.

■ It has been well settled by prior decisions in this Circuit that for causes of action arising out of a nonresident defendant's business activities within and without this state, the Tennessee long-arm statute extends to the limits of the due process clause of the Federal Constitution. (Southern Machine Company, Inc. v. Mohasco Industries, Inc., 401 F.2d 374 (6th Cir. 1968); Lawson v. U-Haul Company, 336 F.Supp. 186 (E.D.Tenn. N.D.1971)). At the same time, however, the federal courts sitting in diversity actions have attempted to construe the statute under consideration as would the courts of Tennessee. (Beal v. Caldwell, 322 F.Supp. 151 (E.D.Tenn.N.D. 1970)). Therefore, Tennessee decisional law has influenced construction of the long-arm statute as it existed prior to amendment in 1972.

In Darby v. Superior Supply Company, 224 Tenn. 540, 458 S.W.2d 425 (1970), the Tennessee Supreme Court held that an Alabama defendant was not amenable to service of process pursuant to T.C.A. § 20-235 in an action for breach of contract where the purchaser never entered the state until the sale was consummated and where such transaction was an "ordinary, single, retail sale transaction." (458 S.W.2d at p. 427). Thus, in light of court interpretation of legislative policy, this Court held in Beal v. Caldwell, supra, and Lawson v. U-Haul Company, supra, that where a nonresident defendant has no contacts with Tennessee other than an isolated business transaction with a resident of this state, such defendant was not subject to in personam jurisdiction in Tennessee.[1]

Paralleling this line of cases concerning the "doing business" provision of the long-arm statute, there was decided a series of cases dealing with injuries caused residents of this state by nonresident defendants where the injury-producing agent was set in motion without the state.

In Tate v. Renault, Inc., 278 F.Supp. 457 (E.D.Tenn.N.D.1967), aff'd per curiam, 402 F.2d 795 (6th Cir. 1968), the Court was faced with the following facts: plaintiff purchased a 1966 Renault automobile from an independent dealer in Tennessee. The dealer purchased this vehicle from Eastern, a Virginia corporation, which was regional distributor of Renault vehicles in Tennessee. Eastern had purchased the car from defendant, Renault, who was the exclusive importer in the United States of the French-made automobile. Renault owned no property in Tenneseee nor did it do business in this state in any manner. Plaintiff alleged that she was injured as a result of the negligent manufacture of the car and the defendant's breach of warranty.

---

1. The Supreme Court of Tennessee has recently decided the case of W. B. Dunavant and Company v. Perkins, 498 S.W.2d 905 (Tenn.1973), its latest decision under T.C.A. § 20-235. We are of the opinion, however, that this case is distinguishable from the case under consideration in that it dealt with a transaction similar to the ones in the cases heretofore discussed.

In making the comparison between Tennessee's long-arm statute and that of Illinois, the court stated that:

" . . . where a corporation elects to sell its product for ultimate use in another state, it is not unjust to hold it answerable there for any damage caused by defects in those products, and that the fact that the purchase involved was made from an independent middleman or that someone other than the defendant shipped the product into the forum state does not affect such jurisdiction in the forum state." 278 F.Supp. at p. 459.

This rationale was affirmed in the case of Kroger v. Dornbos, 408 F.2d 813 (6th Cir. 1969), affirming Kroger Company v. Adkins Transfer Company et al., 284 F.Supp. 371 (D.C.1968), which held, in essence, that where a corporate defendant who had no business dealings in Tennessee, but nevertheless had caused contaminated fish to be shipped to the state resulting in injury to the plaintiff, such defendant was amenable to service of process pursuant to T.C.A. § 20–235. (Citing with approval *Tate*, supra, and Southern Machine Company v. Mohasco Industries, Inc., supra.)

The Tennessee Supreme Court likewise followed this rationale in Hanvy v. Crosman Arms Company, 225 Tenn. 262, 466 S.W.2d 214 (1971). In that case, a New York manufacturer negligently tested an air rifle before it was shipped from its plant into Tennessee in a loaded and dangerous condition. The court held that the intentional shipment of the rifle into Tennessee was sufficient to subject the defendant to in personam jurisdiction under the long-arm statute.

■ Thus, while limiting in personam jurisdiction in situations involving nonresident defendants under the "doing business" provision of the statute in deference to state decisional construction, the courts have clearly shown that where a nonresident defendant sets into motion injury-producing agents outside the state which are likely to and do cause injury within the state, such defendant will be held to have subjected himself to in personam jurisdiction in Tennessee.

On April 10, 1973, the Tennessee legislature amended T.C.A. § 20–235 to add the clause:

"(f) Any basis not inconsistent with the constitution of this state or of the United States."

This addition, therefore, made clear the legislative intention to extend the Tennessee Act, for all purposes, to the limits of the Due Process Clause. The Tennessee Supreme Court, in Jasper Aviation, Inc. v. McCollum Aviation, Inc., Tenn., 497 S.W.2d 240 (1972), further attempted to clarify the possible inconsistencies that had theretofore existed under the statute. In that case, the defendant, a corporation doing business in Illinois, placed an advertisement in a trade magazine which was published in Crossville, Tennessee. Plaintiff, a Tennessee resident corporation, responded to the advertisement and entered into a contract for purchase over the telephone. Plaintiff then went to Illinois and took delivery of the aircraft. Later, plaintiff discovered that the aircraft was not in the condition as advertised and was required to spend some $6,000.00 to restore it to an operable condition. Thereupon, he filed suit against defendant for both breach of warranty and tortious misrepresentation. In denying defendant's motion to dismiss on jurisdictional grounds, the Court referred to both *Darby*, supra, and *Hanvy*, supra, and concluded that the rationale in *Hanvy* controlled. The Court stated:

" . . . we need not reach the question of whether the misrepresentations themselves were made within or without the State, for even if all the tortious acts were committed outside the State . . ., as in *Hanvy*, but the resulting tortious injury was sustained within the State, then the tortious acts and the injury are insep-

arable and jurisdiction lies in Tennessee." 497 S.W.2d at p. 244.

The Court further distinguished our holding in *Beal,* supra, on the ground that the *Beal* case relied upon the "doing business" provision of T.C.A. § 20–235(a) and not 235(b). With this distinction the Court agrees.

█ In summarizing the facts of the case under consideration, we find that defendant, Kawasaki Motors Corporation, U.S.A., is the sole importer of Kawasaki motorcycles into the United States. While the defendant itself only acts as distributor for the region encompassing the Atlanta-Dalton, Georgia area, it supplies motorcycles for distributors throughout the United States, and particularly the Southeast region. It, therefore, elects to supply and sell products for ultimate use in Tennessee, whether or not these products are directly sold by it to the dealer who places the motorcycles on the consumer market.

██ Accordingly, it is the opinion of the Court that where one causes to be set in motion events in one state that are likely to, and do result in injury to person and property in another state, he thereby renders himself subject to the jurisdiction of the state wherein injury occurs and is amenable to service of process pursuant to that state's long-arm statute. (See Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158 (1933)). Whether the injured party seeks relief and remedy for personal injury in the courts of the forum state under contract or tort theories is immaterial to the jurisdictional question. (Tate v. Renault, Inc., supra; Kroger v. Dornbos, supra.)

█ It is further the opinion of the Court that defendant's contention that venue is improper is without merit. Title 28 U.S.C. § 1391 provides in pertinent part that:

"(a) A civil action wherein jurisdiction, is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all the plaintiffs or all the defendants reside, or in which the claim arose."

Not only does the plaintiff reside within this judicial district, but it is also alleged that the claim upon which he seeks relief arose here. We do not believe that § 1391(b) alters plaintiff's choice of venue.

It is, therefore, ordered that defendant's motion to dismiss be, and same hereby is, denied.

