**Gene B. NICHOLS, Plaintiff-Appellant,**

v.

**A.B. COLEMANS, INC.,
Defendant-Appellee.**

Court of Appeals of Tennessee,
Western Section.

Feb. 8, 1983.

Application for Permission to Appeal
Denied by Supreme Court
June 13, 1983.

Lincoln A.R. Hodges, Memphis, for plaintiff-appellant.

John W. Leach, James L. Gordon, Memphis, for defendant-appellee.

NEARN, Presiding Judge, Western Section.

At the close of all the proof the Trial Judge directed a verdict for the defendant and plaintiff appeals.

Plaintiff-appellant, Gene B. Nichols, sued A.B. Colemans, Inc., for damages suffered by purchasing a Coleman's Bar-B-Q franchise from defendant-appellee. The plaintiff contended that the defendant was guilty of either negligent or fraudulent misrepresentation.

Plaintiff testified he was inexperienced in the fast food business but thought he might do well with a Coleman's Bar-B-Q outlet and therefore contacted the defendants. Further, that he had limited capital and would be unable to purchase a site and erect a building thereon. Plaintiff testified he advised the defendant of his situation, but was assured by the officers of defend-

ant corporation that defendant would obtain a site for him in Southaven, Mississippi, where Mr. Ronnie Coleman, the Vice President of the defendant, had real estate investors who would buy the necessary property, erect a proper structure, and lease it to plaintiff. Further, that these statements were made by defendant's agents in the Vice President's office and presence. Plaintiff also testified that based on those promises and inducements he purchased a franchise from defendant. After obtaining plaintiff's money and signature on a franchise contract, the defendants failed and refused to perform as orally promised and as a result plaintiff was unable to obtain a site and open a business.

The defendant denied making the alleged inducing statement and relied upon its written contract which did not provide for defendant to obtain investors to buy, build and lease sites.

We are of the opinion that it was error for the Trial Judge to withdraw the case from the jury and direct a verdict for defendant.

> In viewing a motion for a directed verdict the law requires the Trial Judge and reviewing Court on appeal to look at all of the evidence, to take the strongest legitimate view of it in favor of the opponent of the motion, and to allow all reasonable inferences from it in his favor; to discard all countervailing evidence, and if then, there is any dispute as to any material determinative evidence, or any doubt as to the conclusions to be drawn from the whole evidence, the motion must be denied and the case submitted to the jury. [citations omitted] *Alessio vs. Crook,* (1982 Tenn.App.M.S.) 633 S.W.2d 770.

First, it was for the jury to decide whether or not the inducing agreement or statements were in fact made. Then, to determine whether they were fraudulently made. If not, then to determine whether they were negligently made and reasonable reliance was had on those statements by plaintiff. See *Edwards v. Travelers Insur-*

*ance of Hartford, Connecticut,* (6th Cir. 1977) 563 F.2d 105; *Jasper Aviation, Inc. v. McCollum Aviation, Inc.,* (1972 Tenn.) 497 S.W.2d 240; *Tartera v. Palumbo,* (1970) 224 Tenn. 262, 453 S.W.2d 780; *Haynes v. Cumberland Builders, Inc.,* (1976 Tenn.App.M.S.) 546 S.W.2d 228.

The proof was disputed on those material issues and they were not for resolution by the Trial Judge.

The result is the judgment below is reversed and the cause remanded for a new trial.

Costs of appeal are adjudged against appellee.

Done at Jackson in the two hundred and seventh year of our Independence and in the one hundred and eighty-seventh year of our Statehood.

TOMLIN and CRAWFORD, JJ., concur.