MARK E. MILLER,                         )
                                        )
        Plaintiff/Appellant,            )
                                        )
VS.                                     )
                                        )
MICHAEL P. SCHRIMPF, RITA K.            )       Appeal No.
SCHRIMPF, and TENNESSEE                 )       01-A-01-9612-CH-00558
TITLE AND TRUST, INC.,                  )
                                        )       Sumner Chancery
        Defendants,                     )       No. 94C-219
                                        )
LINDA H. VAUGHN, d/b/a                  )
LAKESIDE COLDWELL BANKER,               )
BONNIE CAMPBELL and                     )
CAMPBELL REALTORS, INC.,                )
                                        )
        Defendants/Appellees.           )

FILED

July 9, 1997

Cecil W. Crowson

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF SUMNER COUNTY
AT GALLATIN, TENNESSEE

THE HONORABLE TOM E. GRAY, CHANCELLOR

VICKY V. KLEIN
L. ANTHONY DEAS
509 Lentz Drive
P. O. Box 608
Madison, Tennessee 37115
        Attorneys for Plaintiff/Appellant

J. RUSSELL FARRAR
KRISTIN ELLIS BEREXA
211 Seventh Street North, Suite 320
Nashville, Tennessee 37219
        Attorneys for Defendant/Appellee Linda H. Vaughn
        d/b/a Lakeside Coldwell Banker

LINDA F. BURNSED
SunTrust Center
424 Church Street, Suite 1750
Nashville, Tennessee 37219
        Attorney for Defendant/Appellee Bonnie Campbell
        and Campbell Realtors, Inc.

AFFIRMED IN PART; REVERSED IN PART;
AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
KOCH, J.
CAIN, S.J.

# O P I N I O N

The purchaser of a subdivision lot sued his agent and the sellers' agent because the lot could not be approved for a septic tank. His complaint stated causes of action for fraud, negligence, and a violation of the Tennessee Consumer Protection Act. The Chancery Court of Sumner County granted summary judgment to both agents. We reverse the simple negligence claim as to the purchaser's own agent. In all other respects, the judgment is affirmed.

## I. Facts

The origin of this problem goes back to 1988 when Michael P. and Rita K. Schrimpf bought Lot No. 11 in Countryside Estates from the Arnolds. Because the property was not connected to a sewer and the soil did not percolate well, the Schrimpfs also acquired an easement for a drain field on the rear 132 feet of Lot No. 12.

In 1990, the Schrimpfs listed the lot for sale with Linda H. Vaughn, d/b/a/ Lakeside Coldwell Banker. Bonnie Campbell of Campbell Realtors, Inc. contacted Ms. Vaughn on behalf of Mark E. and Sheree P. Miller, who were looking for property in that vicinity. After inspecting the property, the Millers made an offer and the parties finally arrived at a sale price of $21,000. The contract contained the following contingency: "This sale is contingent upon seller providing for buyer an approved septic letter." Closing was set for June 28, 1990.

On the appointed day, all parties gathered at the office of Doris Freeman of Tennessee Title Company, the closing agent. Before the documents were executed, the Millers learned that a septic letter had not been furnished. Ms. Vaughn,

the sellers' agent, produced the recorded easement and left the room to make a telephone call. The Millers assumed she was checking with someone about the septic letter, but she did not return with any further information. Ms. Campbell told the Millers that they did not have to close without the letter. Doris Freeman allegedly said that the easement was sufficient to satisfy the septic letter contingency, and on that assurance, the Millers went through with the closing.

Mrs. Miller died before 1993, when Mr. Miller put the property back on the market. It was then he discovered that, even with the easement on Lot 12, the health department would not approve the installation of a drain field to serve the property. Without an adequate drain field, the property is not a suitable building site.

Mr. Miller sued the two agents for fraud, negligent misrepresentations, and violation of the Tennessee Consumer Protection Act.[1]

## II. Fraud

The essential element of a claim for fraud is an intent to deceive. *Wilder v. Tennessee Farmers Mutual Ins. Co.,* 912 S.W.2d 722, 726 (Tenn. App. 1995). We do not think any trier of fact could infer that either of the agents intended to deceive the Millers. Aside from the question of whether any representations at all were made by these defendants at the closing -- which we will address in the next section of this opinion -- there is no proof that anyone at the closing knew that the easement on Lot 12 would not allow the Millers to get a septic tank permit. If a party thinks he is stating the truth, he is not liable for fraud even though the statement turns out to be entirely false. *Wynne v. Allen,* 66 Tenn. 312, 316 (Tenn. 1874). He may be liable under

---

[1]He also sued the Schrimpfs, Doris Freeman, and Tennessee Title Company but the claims against these defendants are still pending.

some other theory, *Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228 (Tenn. App. 1976), but actual fraud cannot be maintained under such circumstances.

## III. Negligence
### a. Negligent Misrepresentations

"One who, in the course of his business, profession, or employment, or during a transaction in which he had a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon such information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." *Haynes v. Cumberland Builders, Inc.*, 546 S.W.2d 228 at 232 (Tenn. App. 1976); *Jasper Aviation, Inc. v. McCollum Aviation, Inc.*, 497 S.W.2d 240 (Tenn. 1972).

An essential element of this cause of action is the supplying of false information for the guidance of others.

In this case, the cause of action is grounded on the allegation that either or both of the agents supplied the Millers with the information that the easement on Lot 12 would allow a septic tank to be installed on the property. We can find no proof to that effect. Ms. Vaughn produced the easement but made no statements as to its sufficiency. When she left the room, the Millers thought she was making a telephone call trying to locate the septic letter. She did not return, and that is the last we know of her in connection with the closing. Thus, we cannot find where she supplied any erroneous information to the Millers.

The same is true with respect to the Millers' own agent, Ms. Campbell. She was present during the entire time of the closing, but she advised the Millers that

they did not have to close because the contract had not been fulfilled. There is no proof from which we could infer that Ms. Campbell supplied the erroneous information that induced the Millers to close the transaction without getting the septic letter.

### b. Breach of Duty

The plaintiff also alleges that the two agents breached a duty of care by failing to confirm that having the easement made getting a septic letter a matter of course. A breach of a duty owed to the plaintiff is at the core of a negligence claim. *Hastings v. Smith*, 223 Tenn. 142, 443 S.W.2d 436 (1969).

As to Ms. Vaughn, we do not think she owed such a duty to the Millers. Her duty was to her clients. She did not have a duty to the Millers to assure them that the contract had been fulfilled.

It is a closer question with respect to Ms. Campbell, the Millers' own agent. Did she have a duty to speak up when her clients were told that the easement satisfied the septic letter contingency? We are not prepared to say that as a matter of law she had no duty in this instance. Although she had advised her clients that they did not have to close, and we are satisfied that she did not know the lot could not be built upon, would a reasonably prudent real estate agent from the area stand by when someone else made a representation to her clients that negated her advice? We think the plaintiff is entitled to a trial on that point.

### IV. The Consumer Protection Act

The Consumer Protection Act makes deceptive acts or practices unlawful, Tenn. Code Ann. § 47-18-104(a). It also gives a private cause of action to anyone harmed by an unfair or deceptive act or practice. Tenn. Code Ann. § 47-18-109.

We have already noted that neither of these defendants had an intent to deceive the Millers. While, for the purpose of the Consumer Protection Act, the deceptive acts or practices do not have to be wilful or knowing, *Smith v. Scott Lewis Chevrolet, Inc.*, 843 S.W.2d 9 (Tenn. App. 1992), we do not think any trier of fact could find that these defendants engaged in a deceptive act or practice. They did not represent anything; they did not act in concert with anyone making any representations. The most that can be said is that Ms. Campbell did not speak up when she arguably had a duty to do so.

The judgment as to Ms. Campbell on the simple negligence claim is reversed. As to all other claims the lower court's judgment is affirmed. The cause is remanded to the Chancery Court of Sumner County for further proceedings in accordance with this opinion. Tax the costs on appeal one-fourth to Ms. Campbell and three-fourths to the appellant.

_____
BEN H. CANTRELL, JUDGE

CONCUR:


_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, SPECIAL JUDGE