**Elder N. RANDALL et al.**

v.

**J. W. JENKINS, Bishop of the Keith Dominion of the Church of the Living God, the Pillar and Ground of the Truth, Inc., et al.**

**No. 43229.**

United States District Court
E. D. Pennsylvania.
Aug. 25, 1967.

Robert N. C. Nix, Jr., Philadelphia, Pa., for plaintiffs.

Frank J. Shields, Isaiah W. Crippins, Philadelphia, Pa., for defendants.

## MEMORANDUM

FULLAM, District Judge.

A religious organization designated "The House of God Which is the Church of the Living God, The Pillar and Ground of the Truth Without Controversy" has been embroiled in controversy ever since the death of its founder in 1930.[1] Finally, in 1962, the United States District Court for the Middle District of Tennessee, Nashville Division, after extensive litigation in which all factions were fully represented and heard, entered a definitive decree resolving all matters then in dispute. The underlying issue in that litigation was the correct method of determining the successors to the founder, as "Chief Overseer" of the church and all its properties.

The court determined, in substance, that there should be a board of three overseers, each having jurisdiction over a "dominion" of sixteen states. The court noted that the three overseers thus validated, and various members of their respective factions, were not in complete harmony, and the court expressly retained jurisdiction over the parties and the controversy in order to resolve future conflicts which might arise in this respect.

About seven months after the decree of the court was entered, one of the three overseers died, and disputes as to the proper method of filling this vacancy or eliminating the position have apparently been raging ever since. Plaintiffs have brought this action for a declaratory judgment. Because the United States District Court for the Middle District of Tennessee has retained jurisdiction of the controversy; because the headquarters of the church are in Nashville, Tennessee, and all of the meetings at which disputed actions occurred took place in that city; and because it seems highly unlikely that service can be had in the present action over the Bishop whose position as overseer the plaintiffs challenge, I have concluded that this litigation should be transferred to the United States District Court for the Middle District of Tennessee, pursuant to 28 U.S.C. § 1404(a). Because it appears that the rights of the plaintiffs might well be adversely and irreparably affected if the defendants, or any of them, are permitted to proceed further with certain litigation which they have instituted in the Thirteenth Judicial Circuit Court in and for Hillsboro County, Florida, captioned J. W. Jenkins, et al v. J. R. Lockley, et al, Chancery No. 156,860 C, I have concluded that it would be appropriate to temporarily restrain the parties from proceeding further with that litigation, pending completion of the transfer of this case to the Middle District of Tennessee.

I have not attempted to sift out the conflicting claims of counsel as to whether or not the Florida litigation does involve the determination of the regularity and validity of the appointment of the present overseers, or whether a final decision by the Florida court would be binding upon the parties to this litigation. Having determined that this litigation belongs in

1. Several separate corporations have been formed in various States. Their names are not all identical, but all are part of a single religious entity.

the Middle District of Tennessee, I believe that the transferee court should be afforded the right to pass upon these questions, particularly in view of its familiarity with all prior aspects of this controversy. I have therefore decided to enter a temporary restraining order against further proceedings in the Florida litigation for a period of twenty days, in order to make it possible for the transferee court to determine whether a further restraining order is necessary in aid of its jurisdiction.