**BLUE DIAMOND COAL COMPANY**

v.

**MICHIGAN SUGAR COMPANY.**

Civ. No. 3–77–444.

United States District Court, E. D. Tennessee, N. D.

March 9, 1978.

---

Timothy D. Wittlinger, Detroit, Mich., John A. McReynolds, Jr., Knoxville, Tenn., for defendant.

MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action in diversity for breach of contract. The defendant, Michigan Sugar Company, ("Michigan Sugar"), has filed a motion to dismiss for lack of jurisdiction or in the alternative to transfer the case to the Eastern District of Michigan, Northern Division. The plaintiff, Blue Diamond Coal Company, ("Blue Diamond"), has responded to this motion. Oral argument has been heard on the motion and briefs have been submitted.

Briefly stated, the undisputed facts are as follows. In 1973, representatives of Blue Diamond and Michigan Sugar entered into negotiations in the State of Michigan concerning the possible sale of coal by Blue Diamond to Michigan Sugar. Basic agreement was reached, whereupon a written contract was drafted by Blue Diamond in its Knoxville, Tennessee office. This contract was executed in Michigan by Michigan Sugar and in Tennessee by Blue Diamond. All coal to be delivered under the contract was to be mined in Kentucky and was to be shipped directly to Michigan.

A dispute arose concerning the interpretation of certain provisions of the contract, including the phrase, "similar type accounts." Various efforts to resolve the dispute failed, and, on July 24, 1975, Michigan Sugar filed an action against Blue Diamond in the United States District Court for the Eastern District of Michigan. *Michigan Sugar Company v. Blue Diamond Coal Company*, No. 75–10063 (E.D.Mich.1976). After substantial discovery, a settlement agreement was filed in that action on July 1, 1976. Subsequently, the Michigan action was dismissed with prejudice. The suit at hand involves the proper interpretation of both the underlying contract and provisions of this later settlement agreement, including the phrase "similar type accounts."

Jack B. Draper, Knoxville, Tenn., for plaintiff.

Both parties have earnestly argued the merits of Michigan Sugar's motion to dismiss for lack of jurisdiction. The reach of the Tennessee "Long Arm" statute, Tenn.Code Ann. § 20–235, extends to the full limit allowed by the Due Process Clause of the Fourteenth Amendment. *Walker v. Kawasaki Motors Corp.*, 62 F.R.D. 607 (E.D.Tenn.1973). Thus, the motion to dismiss raises a substantial constitutional issue. In order that an uncertain constitutional question not be reached unnecessarily, the Court deals first with the question of transfer. *See generally, Bowen v. United States*, 422 U.S. 916, 95 S.Ct. 2569, 45 L.Ed.2d 641 (1975).

The Court is of the opinion that this action should be transferred to the Eastern District of Michigan, Northern Division, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In this regard, the Court notes first that the crucial operative facts affecting this lawsuit occurred in Michigan. All of the original contract negotiations in 1973 were conducted in Michigan. The later negotiations and discovery leading to the settlement agreement also took place in Michigan. The defendant does not dispute that whatever the status of the original contract, the settlement agreement itself must be interpreted in accordance with Michigan law.

The Court is also influenced in its decision by the prior litigation in the Eastern District of Michigan between these same parties, involving substantially the same issues. Although the Michigan court has not retained jurisdiction of this controversy, *cf. Randall v. Jenkins*, 271 F.Supp. 904 (E.D. Pa.1967), the action in Michigan might be subject to being reopened, if, as alleged by Michigan Sugar, agreement to the settlement was induced through misrepresentation. Whether or not the Michigan action is reopened, it appears to the Court that the settlement agreement ought to be interpreted, if possible, by the Court which oversaw and accepted the settlement.

Blue Diamond maintains that its choice of forum, as plaintiff, ought to be respected. The Court recognizes the general validity of this doctrine, *see Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947), but does not agree that this doctrine favors Blue Diamond in this instance. Realistically, this suit must be viewed as but a later stage of the suit originally brought by Michigan Sugar in the Eastern District of Michigan. Therefore, the weight normally accorded to a plaintiff's choice of forum in this case supports transfer.

For the foregoing reasons, it is ORDERED that defendant's motion to transfer this action to the Eastern District of Michigan, Northern Division, be, and the same hereby is, granted.

Order Accordingly.